LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA L. WELSH, ESQ.
Nevada Bar No. 11320
welshs@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>Plaintiffs,<br><br>v.<br><br>BEN HAKIM an individual,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1) Cybersquatting under 15 U.S.C. § 1125(d)<br>2) Trademark Infringement and Counterfeiting under 15 U.S.C. § 1114<br>3) Unfair Competition under 15 U.S.C. § 1125(a)<br>4) Common Law Trademark Infringement<br>5) Deceptive Trade Practices under N.R.S. 598.0903, et seq.<br>6) Fraud<br>7) Intentional Interference with Prospective Economic Advantage |

For their complaint against Defendant, Ben Hakim ("Defendant"), Plaintiffs, Hakkasan LV, LLC, a Nevada limited liability company and Hakkasan Limited, a foreign private limited company ("Plaintiffs") complain and allege as follows:

/ / /

LV 420058980v1

**NATURE OF ACTION**

This is an action for cybersquatting, trademark infringement, counterfeiting and unfair competition under federal statutes, with pendent claims for common law trademark infringement, state deceptive trade practices, fraud, and intentional interference with prospective economic advantage. Plaintiffs seek damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

**JURISDICTION**

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant based upon the following: (a) Defendant Hakim does business in Las Vegas, Nevada; (b) Defendant, Hakim owns and operates a website on the Internet at <www.hakkasannightclublasvegas.com> that is accessible to residents of the State of Nevada and, in fact, incorporates the term "Las Vegas"; (c) the web site provides information and services related to Plaintiffs' Las Vegas restaurant and nightclub and seeks personal information from users in order to facilitate the provision of such information and services; (d) Defendant Hakim also owns and operates a website on the Internet at <www.bottlerservicereservation.com> that is accessible to residents of the State of Nevada; (e) the website is almost solely devoted to the Plaintiffs' Hakkasan Las Vegas nightclub and provides information almost identical to that found on <www.hakkasannightclublasvegas.com>, also offering services related to Plaintiffs' Las Vegas restaurant and nightclub and seeks personal information from users in order to facilitate the provision of such information and services; and (f) Defendant committed tortious acts that he knew or should have known would cause injury to Plaintiffs in the State of Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) and (c). Venue lies in the unofficial Southern Division of this Court.

**PARTIES**

4. Plaintiff Hakkasan LV, LLC ("Hakkasan LV"), a Nevada limited liability company,

is an indirect wholly owned subsidiary of Plaintiff Hakkasan Limited ("Hakkasan Parent"), a foreign private limited company that is in the process of qualifying to do business in the state of Nevada. Hakkasan LV owns and operates Hakkasan, a premier nightclub and restaurant venue located inside the MGM Grand Hotel and Casino on the Las Vegas strip ("Hakkasan Las Vegas"). Hakkasan Parent also owns and/or operates, either directly or through its subsidiary companies, several other Hakkasan restaurants around the globe, including Dubai, London, New York, San Francisco and Miami. Plaintiffs operate a website for their Las Vegas property at <www.hakkasanlv.com>.

5. Defendant Hakim is an individual who, upon information and belief, does business in Las Vegas, Nevada. See information provided on Defendant's website at <www.hakkasannightclublasvegas.com> attached hereto as **Exhibit 1** and on the Whois information for the domain name <www.hakkasannightclublasvegas.com> attached hereto as **Exhibit 2**. Defendant Hakim also operates a similar website promoting the Plaintiffs' Hakkasan Las Vegas nightclub at <www.bottleservicesreservation.com>. See Information provided on Defendant's website at <www.bottleservicesreservation.com> attached hereto as **Exhibit 3**. Both of Defendant's websites focus almost exclusively on his claimed affiliation with Plaintiffs' world-renowned Hakkasan Las Vegas nightclub and he promotes his services through use of the Plaintiffs' HAKKASAN Mark and logo.

**ALLEGATIONS COMMON TO ALL COUNTS**

<u>STATEMENT CONCERNING THE PLAINTIFFS:</u>

6. Hakkasan is a famous restaurant and nightlife venue with multiple locations around the world. Hakkasan Las Vegas encompasses approximately 80,000 square feet of restaurant, nightclub and lounge space. This venue features a modern Cantonese restaurant, headed up by a Michelin-starred chef, a 55,000 square foot nightclub featuring elaborate cocktail lounges and a garden pavilion with a two-story waterfall. In addition, Hakkasan LV has booked some of the most famous DJ's in the world to perform at Hakkasan Las Vegas, including Tiësto, Calvin Harris, and Steve Aoki.

7. Hakkasan Parent owns the mark HAKKASAN in connection with, among other things, restaurant, bar and nightclub services. In particular, Hakkasan Parent owns a federal

trademark registration (U.S. Reg. No. 3,789,248) for HAKKASAN for bar and restaurant services and a pending trademark application (U.S. Ser. No. 85/928057) for nightclubs, nightclub services in the nature of reservation and booking services for the purpose of arranging for admission to nightclubs, and related services (the "HAKKASAN Marks"). Hakkasan LV is a licensee of the HAKKASAN Marks in connection with its ownership and operation of Hakkasan Las Vegas.

8.  Neither Hakkasan Parent's federal trademark registration nor its pending trademark application has been abandoned, canceled or revoked.

9.  Since opening the original HAKKASAN in 2001 and its first US location in 2009, Hakkasan Parent and its predecessors-in-interest, have used the HAKKASAN Marks in connection with advertising and promoting its restaurants in the United States and around the world. As a licensee of the HAKKASAN Marks, Hakkasan LV has used the HAKKASAN Marks to promote its Las Vegas restaurant and nightclub services in the United States and around the world since 2012.

10. The HAKKASAN name and mark is an internationally recognized and respected name in the restaurant and nightlife industry. Plaintiffs have spent millions of dollars to advertise and promote the HAKKASAN Marks in print, broadcast media and on the Internet through their website, accessible throughout the United States and around the world at <www.hakkasan.com> and <www.hakkasanlv.com>. True and correct copies of the home pages for Plaintiffs' websites are attached hereto as **Exhibit 4** and are incorporated by this reference. In addition, Plaintiffs have made extensive use of the HAKKASAN Marks on, among other things, signage, billboards and promotional materials.

11. Based on its federal trademark registration, pending federal trademark application and extensive use, Hakkasan Parent owns the exclusive right to use its HAKKASAN Marks in connection with restaurant, bar, nightclub and related services. As a licensee of the HAKKASAN Marks and pursuant to an agreement between the parties, Hakkasan LV is entitled to the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada in connection with Hakkasan Las Vegas for restaurant, bar and nightclub services and is entitled to enforce its rights against Defendant.

12. The uniqueness of Hakkasan Las Vegas, along with the extensive advertising and promotion of Hakkasan Las Vegas have resulted in the HAKKASAN name and mark being

distinctive and famous for bar, restaurant and nightclub services.

**STATEMENT CONCERNING THE DEFENDANT:**

13. Upon information and belief, on or about April 8th, 2013, Defendant Hakim registered the domain name <www.hakkasannightclublasvegas.com> (the "Infringing Domain Name") with GoDaddy.com. See **Exhibit 2.** Also, on or about April 8th, 2013 Defendant registered the domain name <www.bottleservicesreservation.com> with GoDaddy.com. See Whois record for <www.bottleservicesreservation.com> (the "Infringing Website"), attached hereto as **Exhibit 5.**

14. Upon information and belief, sometime in April 2013, Defendant created websites linked to the domain names <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com>. The websites claim that the Defendant is an authorized promoter for the Hakkasan Las Vegas nightclub, VIP services, and event services and the HAKKASAN name, mark and logo are emblazoned throughout the websites to promote the Defendant's services. Both the websites display images and information taken directly from Plaintiffs' own website at <hakkasanlv.com> and presented in a manner to create the appearance of affiliation between the Defendant's services and the Plaintiffs' world-renown Hakkasan Las Vegas nightclub

15. Upon information and belief, since at least as early as April 2013 Defendant has knowingly and willfully offered for sale and sold counterfeit services, including access to the Hakkasan Las Vegas nightclub, VIP, bottle, and event services, in wrongful and unauthorized association with the HAKKASAN Marks on Defendant's website at <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com>.

16. The statements concerning the Defendant on <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com> are false. Defendant is **not** authorized to sell tickets, VIP, bottle services or any services to the public on behalf of the Plaintiffs. Plaintiffs' own website at <www.hakkasanlv.com> clearly states the following:

/ / /

/ / /

LV 420058980v1

**Important Ticketing and Entry Information**

- Hakkasan guarantees that all tickets purchased directly from Hakkasan including Ticket Driver are authentic.
- We do not guarantee the authenticity of tickets purchased from another source unless they are an approved ticketing vendor by Hakkasan.
- Approved ticketing vendors include Wantickets.com and Vegas.com.

See Statement from Plaintiffs' website attached hereto as **Exhibit 6**. Defendant is not an authorized vendor of Hakkasan Las Vegas tickets and services, nor is Defendant authorized to use the HAKKASAN Marks in any way.

17. Upon information and belief, Defendant is not licensed through the city, or county to do business in Las Vegas, Nevada. Upon information and belief, Defendant does not own or operate a business entity licensed to do business in Nevada.

18. Defendant is not an authorized promoter for the Plaintiffs' nightclub nor was he given permission to take images, videos or any information from the Plaintiffs' website and post onto his sites at <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com>.

19. In early August 2013, Plaintiffs became aware of Defendant's fraudulent claims concerning his alleged affiliation with the Hakkasan Las Vegas club. Importantly, Plaintiffs were concerned that Defendant was fraudulently inducing members of the public to pay him money to use his services believing they were purchasing authentic tickets and services from??? the famous Hakkasan Las Vegas when in reality they were not.

20. On or about August 14th, 2013, counsel for the Plaintiffs sent the Defendant a cease and desist letter concerning the Defendant's trademark infringement and other wrongful conduct, and demanded he immediately cease use of the Plaintiffs trademarks, and to remove all content concerning the Hakkasan Las Vegas Nightclub from his websites. The letter was sent to the contact information provided in the Whois record for <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com>. See letter from Lauri S. Thompson, Esq., attached hereto as **Exhibit 7**. The Defendant did not respond to the letter.

21. Rather than complying with the demands in the cease and desist letter, and without any authorization or license from Plaintiffs, Defendant knowingly and willfully continues to use

Plaintiffs' HAKKASAN Marks in commerce in connection with the operation and maintenance of his websites and online sales of Defendant's counterfeit services.

22.     In fact, Defendant's website changes daily to promote current events at the Plaintiffs' nightclub including events for August 19th, 2013.  See Print out from Defendant's website at <www.hakkasannightclublasvegas.com> attached hereto as **Exhibit 8.**

23.     Egregiously, on the <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com> Defendant tells the public to contact "**us**" to make a reservation suggesting he is working for, or on behalf of the Plaintiffs when he is not.  See Print out from Defendant's website, attached hereto as **Exhibit 8.**

24.     Defendant also posted on his websites comments from <www.yelp.com> written by persons who have visited Hakkasan Las Vegas, purchased VIP and bottle services, and who described the great experience that they had at the Hakkasan property.  Defendant presents these postings as if these Hakkasan Las Vegas patrons had obtained the VIP and bottle services from the Defendant.  See Yelp postings on <www.hakkansanightclubvegas.com>, attached hereto as **Exhibit 9**.

25.     In addition, the fact that the Defendant's websites are almost exclusively devoted to the Hakkasan Las Vegas nightclub, with minimal references to other nightclubs buried in minor web pages, shows he intends for the public to believe he is working exclusively for the Plaintiffs' club and not as a general nightclub promoter.  This in turn creates the impression that he has stronger contacts and clout with Hakkasan Las Vegas than any other general nightclub promoter might have.

26.     Upon information and belief, Defendant exaggerates his prowess as a promoter to induce the public into paying him large sums of money for events, VIP and bottle services in connection with the Hakkasan Las Vegas nightclub.  These services can range to the many hundreds if not thousands of dollars per person.

27.     The counterfeit services offered by Defendant in connection with his unauthorized use and duplication of the HAKKASAN Marks are not the genuine services of Plaintiffs.  Plaintiffs did not license or approve of Defendant's use of HAKKASAN Marks in any way, and Plaintiffs have not approved of Defendant's sale of the services on his websites in false association with the

LV 420058980v1

HAKKASAN Marks.

28. Defendant's unauthorized use of the HAKKASAN Marks on or in connection with the advertising, marketing, offering for sale and sale of Defendant's counterfeit services is likely to cause confusion, or to cause mistake or to deceive.

29. Defendant is wrongfully using the Plaintiffs' famous name and mark, and world-renowned reputation for his own commercial and financial benefit.

30. If the public purchases tickets and services from the Defendant believing he is an authorized promoter of the Hakkasan Las Vegas nightclub, and believing that the tickets and services they purchase are authentic, they are likely to be harmed after paying the Defendant large sums of money for services which cannot be authorized by the Plaintiffs. In the event members of the public lose money because they purchased counterfeit Hakkasan services from the Defendant, the public may blame the Plaintiffs and hold Plaintiffs' responsible when those services are not provided.

31. By using Plaintiffs' HAKKASAN name and trademark on his websites and for his services, Defendant was and is attempting to trade on the goodwill of Plaintiffs.

32. By using Plaintiffs' HAKKASAN name and trademark on his websites, Defendant was and is attempting to create an association between his nightclub promotion services and those offered under the Plaintiffs' famous trademarks.

33. Plaintiffs' HAKKASAN marks at issue in this case were distinctive at the time Defendant began claiming an affiliation with Plaintiffs and falsely claiming to be an authorized promoter for Plaintiffs.

34. Upon information and belief, the Defendant created his infringing websites using Plaintiffs' HAKKASAN name and marks, together with content copied from Plaintiffs' website, with the bad faith intent to profit from Plaintiffs' famous marks and world-renowned reputation.

35. Upon information and belief, the Defendant has no trademark or other intellectual property rights in the HAKKASAN name or mark.

36. Upon information and belief, the Defendant had no prior use of the HAKKASAN name in connection with the bona fide offering of any goods or services.

37. Upon information and belief, the Defendant intended to divert customers from purchasing Plaintiffs' legitimate ticket, VIP, bottle services and other services from the Plaintiffs, to instead purchase the counterfeit services from him so he could commercially benefit from the sale.

38. Upon information and belief, Defendant acted in a manner that could harm the goodwill represented by Plaintiffs' marks by falsely claiming he works for the Plaintiffs' and/or that he is affiliated with the Plaintiffs so he might obtain money from customers seeking Plaintiffs' services.

39. Plaintiffs' name and marks used on Defendant's websites at <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com> are distinctive and famous. Upon information and belief, the Defendant did not believe or have reasonable grounds to believe that the use of the HAKKASAN name and trademark, specifically to create a false appearance of affiliation with the Plaintiffs, was a fair use or otherwise lawful.

**FIRST CLAIM FOR RELIEF**
(Cybersquatting under the
Lanham Act, 15 U.S.C. § 1125(d))

1. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

2. Defendant has registered, trafficked in, and/or used a domain name that is identical or confusingly similar to and/or dilutive of Plaintiffs' trademarks, which were distinctive and/or famous at the time of registration of the domain name.

3. Upon information and belief, Defendant has or had a bad-faith intent to profit from Plaintiffs' trademarks.

4. As a direct and proximate result of such conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

**SECOND CLAIM FOR RELIEF**
(Trademark Infringement and Counterfeiting under
the Lanham Act, 15 U.S.C. § 1114)

5. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

6. As their first claim for relief, Plaintiffs allege counterfeiting and infringement of a

federally registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

7. Defendant used and/or is using in commerce the Plaintiffs' HAKKASAN Marks to provide his counterfeit services and to claim affiliation with the Plaintiffs. Defendant's use is unauthorized and creates confusion in the marketplace.

8. Defendant's use in commerce of Plaintiffs' identical marks and/or a mark confusingly similar to Plaintiffs' trademarks for Defendant's services, and associated website as identified in the Allegations Common to All Counts section above, constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiffs' trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

9. By using Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks with the knowledge that Plaintiffs own and have used, and continue to use, their trademarks in Las Vegas, across the United States, and around the world, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

10. Upon information and belief, Defendant has knowingly and willfully advertised and offered his counterfeit services for sale using the HAKKASAN Marks, with the intention of misleading, deceiving or confusing consumers as to the origin of his services and of trading on Plaintiffs' reputation and good will.

11. Defendant's use of Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks has created a likelihood of confusion among consumers who may falsely believe that Defendant's business or web site is associated with Plaintiffs' Las Vegas restaurant and nightclub or that Plaintiffs sponsor or approve of Defendant's services or commercial activities.

12. Defendant's unauthorized use of the HAKKASAN Marks in interstate commerce as described above constitutes trademark counterfeiting under 15 U.S.C. § 1114(1).

13. Defendant's unauthorized use of the HAKKASAN Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1).

14. As a direct and proximate result of Defendant's infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

LV 420058980v1

15. Defendant's acts of counterfeiting and infringement will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
(Unfair Competition under the
Lanham Act, 15 U.S.C. § 1125(a))

16. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

17. Defendant's use in commerce of marks identical and/or confusingly similar to Plaintiffs' trademarks in connection with Defendant's services, and web sites, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

18. Defendant's use in commerce of Plaintiffs' name and/or marks are confusingly similar to Plaintiffs' trademarks with the knowledge that Plaintiffs own and have used, and continue to use, their trademarks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

19. As a direct and proximate result of such unfair competition, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

**FOURTH CLAIM FOR RELIEF**
(Common Law Trademark Infringement)

20. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

21. By virtue of having used and continuing to use their trademarks, Plaintiffs have acquired common law rights in those marks.

22. Defendant's use of marks identical and/or confusingly similar to Plaintiffs' trademarks infringes Plaintiffs' common law rights in their trademarks, and this use is likely to cause

1  confusion, mistake, or deception among consumers, who will believe that Defendant's services, and
2  web sites originate from, or are affiliated with, or endorsed by Plaintiffs when, in fact, they are not.

3  23. As a direct and proximate result of Defendant's infringement of Plaintiffs' common
4  law trademark rights under Nevada and other common law, Plaintiffs have suffered, and will
5  continue to suffer, monetary damages and irreparable injury to their business, reputation, and
6  goodwill.

**FIFTH CLAIM FOR RELIEF**
(Deceptive Trade Practices
Under N.R.S. § 598.0915)

24. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

25. Upon information and belief, in the course of conducting his business, Defendant knowingly made false representations as to affiliation, connection and/or association with Plaintiffs by using Plaintiffs' name and mark, and materials copied directly from Plaintiffs' website onto his own websites, and otherwise engaging in deceptive trade practices.

26. As the direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

**SIXTH CLAIM FOR RELIEF**
(Fraud)

27. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

28. On or about April 2013, Defendant started passing himself off as a nightclub promoter for Plaintiffs' Hakkasan Las Vegas nightclub.

29. Defendant created websites attached to the domain names he owns, the <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com> sites which are almost entirely devoted to the Hakkasan Las Vegas nightclub, and which contain images, text and events taken directly from Plaintiffs' own website at <www.hakkasanlv.com>.

30. On Defendant's website he expressly uses terms such as "us" and language to suggest

he is affiliated with the Plaintiffs nightclub and/or he is an authorized agent able to book services to the Plaintiffs' nightclub on the Plaintiffs' behalf.

31. Defendant also expressly solicits business through his Facebook page and website wanting consumers to pay him money for booking Plaintiffs' services.

32. Defendant is not authorized to do business on behalf of the Plaintiffs. Defendant knows he has no authorization to do so, and he knows that his claim that he works for Plaintiffs is a blatant misrepresentation.

33. Defendant is not authorized to use any photographs, images, videos, text or other materials belonging to the Plaintiffs found on the Plaintiffs' website, or in other promotional materials. Defendant knows he has no authorization to use Plaintiffs' materials and that his use to claim an affiliation with Plaintiffs constitutes fraud on the public and against the Plaintiffs.

34. Defendant is not authorized to use the Plaintiffs HAKKASAN name and marks. Defendant knows he has no authorization to use Plaintiffs' name and marks and that his use of the name and mark to claim an affiliation with Plaintiffs constitutes fraud on the public and against the Plaintiffs.

35. Upon information and belief, in the course of conducting his business, Defendant knowingly made fraudulent representations that he was an authorized agent able to book the Plaintiffs' services at the Hakkasan Las Vegas nightclub when he was not.

36. As the direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

**SEVENTH CLAIM FOR RELIEF**
(Intentional Interference with
Prospective Economic Advantage)

37. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

38. Upon information and belief, at the time Defendant adopted and began using Plaintiffs' names and marks and since that time, Defendant knew and has known that Plaintiffs are in the business of providing restaurant and bar services and more recently, nightclub services.

39. Upon information and belief, Defendant committed acts intended or designed to disrupt Plaintiffs' prospective economic advantage arising from advertising and/or providing these services.

40. Defendant's actions have disrupted or are intended to disrupt Plaintiffs' business by, among other things, diverting customers away from Plaintiffs' web site to order tickets, VIP and other event services. Further, Defendant's actions were designed to obtain money from members of the public who believed they were purchasing Plaintiffs' services when, in fact, they were not.

41. Defendant has no legal right, privilege or justification for his conduct.

42. As a direct and proximate result of Defendant's intentional interference with Plaintiffs' prospective economic advantage, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury.

43. Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiffs are entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant the following relief:

A. Enter judgment that Defendant has violated 15 U.S.C. §§ 1114(1) and 1125(a).

B. A preliminary and permanent injunction prohibiting Defendant, his respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from: (1) using Plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names); and (2) using Plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs in order to create a false affiliation with Plaintiffs;

C. A preliminary and permanent injunction requiring the Defendant to remove any and all content from the the <www.hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com> and any similar website he owns and/or operates, which was

obtained from the Plaintiffs' website or other source owned and operated by Plaintiffs, and which contains any name, mark, image, video, language, owned by the Plaintiffs or which references the Plaintiffs and any and all services they provide at the Hakkasan Las Vegas nightclub and elsewhere;

D. A preliminary and permanent injunction requiring the Defendant to remove any and all content from his Facebook page and any similar website or account he owns and/or operates including but not limited to Twitter, which was obtained from the Plaintiffs' website or other source owned and operated by Plaintiffs, and which contains any name, mark, image, video, language, owned by the Plaintiffs or which references the Plaintiffs and any and all services they provide at the Hakkasan Las Vegas nightclub and elsewhere;

E. Award to Plaintiffs the Defendant's profits and the damages sustained by Plaintiffs because of Defendant's conduct in infringing the Plaintiffs' marks, or, in the alternative, statutory damages per trademark infringed by willful counterfeiting in amount of Two Million Dollars (USD $2,000,000.00) per trademark infringed;

F. An award of compensatory, consequential, statutory, and punitive damages to Plaintiffs in an amount to be determined at trial;

G. An award of interest, costs and attorneys' fees incurred by Plaintiffs in prosecuting this action; and

H. All other relief to which Plaintiffs are entitled.

DATED: this 27th day of August, 2013.

GREENBERG TRAURIG, LLP

*/s/ Lauri S. Thompson*
Lauri S. Thompson (Bar No. 1086)
Laraine Burrell (Bar No. 8771)
Shauna Welsh (Bar No. 11320)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Plaintiffs*

LV 420058980v1