LAURI S. THOMPSON, ESQ. (NV BAR NO. 6846)
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ. (NV Bar No. 8771)
burrelll@gtlaw.com
SHAUNA L. WELSH, ESQ. (NV BAR NO. 11320)
welshs@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>Plaintiffs,<br><br>v.<br><br>BEN HAKIM an individual,<br><br>Defendant. | Case No.: 2:13-cv-1544-KJD-PAL<br><br>TEMPORARY RESTRAINING ORDER |

UPON CONSIDERATION of the motion filed by Plaintiffs Hakkasan LV, LLC, a Nevada limited liability company and Hakkasan Limited, a foreign private limited company (collectively "Plaintiffs"), requesting a temporary restraining order and injunction requiring Defendant Ben Hakim ("Defendant") to immediately cease and desist all use of Plaintiffs' HAKKASAN and/or similar or derivative trademarks and names including, but not limited to <hakkasannightclublasvegas.com> and on the website <www.bottlerservicereservation.com>, the supporting memorandum of points and authorities, the supporting declarations, the record in this case, and for other good cause shown:

THE COURT HEREBY FINDS THAT:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §

LV 420059790v1

1367(a);

2.   This Court has personal jurisdiction over Defendant in that he committed tortious acts that he knew or should have known would cause injury to Plaintiffs in the State of Nevada;

3.   Plaintiffs have made extensive use of the HAKKASAN Mark in connection with advertising and promoting its restaurants in the United States and around the world and to promote its Las Vegas restaurant and nightclub services in the United States and around the world.

4.   Defendant registered a domain name incorporating Plaintiffs' legal and business names including <hakkasannightclublasvegas.com>;

5.   Defendant has used the HAKKASAN Mark on his website <hakkasannightclublasvegas.com> for his own commercial and financial benefit.

6.   Defendant registered the domain name <www.bottleservicesreservation.com> which references the HAKKASAN Mark.

7.   Defendant has used the HAKKASAN Mark on his website <www.bottleservicesreservation.com> for his own commercial and financial benefit.

8.   Defendant has listed the <hakkasannightclublasvegas.com> and <www.bottleservicesreservation.com> websites on his Facebook page.

9.   Plaintiffs will suffer irreparable injury if the Court does not require Defendant to cease and desist use of the Plaintiffs' name and marks and to immediately remove any and all content concerning the Plaintiffs displayed on the websites connected to the domain names at issue;

10.  Plaintiffs will suffer irreparable injury if the Court does not require Defendant to cease and desist use of the Plaintiffs' name and marks on his Facebook page and any similar website or account he owns and/or operates including, but not limited to, Twitter and to remove any and all content which references the Plaintiffs and any and all services Plaintiffs provide at the Hakkasan Las Vegas nightclub and elsewhere.

11.  Plaintiffs have demonstrated a likelihood of success on the merits of their cybersquatting claim under 15 U.S.C. § 1125(d) and their Nevada state trademark infringement claim; and

LV 420059790v1

12. There is no likelihood of harm to the public from the temporary restraining order now being granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Application for Temporary Restraining Order is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of Plaintiffs' name and trademarks and any and all variants thereof including but not limited to HAKKASAN and <hakkasannightclublasvegas.com>.

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of Plaintiffs' name and trademarks and any and all variants thereof including but not limited to HAKKASAN on his website <www.bottleservicesreservation.com>

IT IS FURTHER ORDERED that pursuant to 15 U.S.C. § 1126(d)(1)(C), the domain name <hakkasannightclublasvegas.com> shall be immediately locked by the registrar and/or its successor registrars and transferred to Plaintiff.

IT IS FURTHER ORDERED THAT Defendant will cease and desist any and all use of the Plaintiffs' name and marks on his Facebook page and any similar website or account he owns and/or operates including, but not limited to, Twitter, and remove any and all content which references the Plaintiffs and any and all services Plaintiffs provide at the Hakkasan Las Vegas nightclub and elsewhere.

IT IS FURTHER ORDERED that Defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon Plaintiffs within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with this Court's Order; and

IT IS FURTHER ORDERED that Plaintiffs shall post a nominal bond of $1,000 because the evidence indicates that Defendant will only suffer minimal, if any, damage by the issuance of this temporary restraining order.

### ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of Plaintiffs' Motion, the Memorandum of Points and Authorities, the supporting declarations and exhibits, the papers and pleadings on file in this matter

and for good cause shown;

1. The Court hereby sets the hearing for Plaintiffs' Motion for Preliminary Injunction on Sept. 17, 2013, at 9:00 a.m. in Courtroom 4A at the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

2. Further, the Court hereby sets the following briefing schedule relating to Plaintiffs' Motion:

(a) Defendant shall file and serve opposition papers, if any, no later than September 12, 2013; and

(a) Plaintiffs shall file and serve their reply brief, if any, no later than Sept. 16, 2013.

3. In addition, to ensure Defendant receives timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, Plaintiffs may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendant by electronic mail transmission.

DATED: 30th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE

Date/Time: August 30, 2013/12:00 P.M.

Respectfully submitted by:

GREENBERG TRAURIG, LLP

/s Lauri S. Thompson
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Counsel for Plaintiffs

LV 420059790v1