UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>Plaintiffs,<br><br>v.<br><br>BEN HAKIM, an individual,<br><br>Defendant. | Case No.: 2:13-cv-01544-KJD-PAL<br><br>[PROPOSED] **PERMANENT INJUNCTION AND DEFAULT JUDGMENT** |

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiffs HAKKASAN LV, LLC and HAKKASAN LIMITED (collectively "Hakkasan" or "plaintiffs") filed a motion for entry of default judgment against defendant BEN HAKIM ("defendant"). The defendant failed to respond to, or answer, plaintiffs' complaint previously served upon defendant and therefore, the clerk of the court entered a default against defendants on November 22, 2013 [doc. no. 24]. This court has given due consideration to plaintiffs' motion for such judgment as well as the papers, pleadings, and exhibits offered in support thereof; and the court being fully advised in the matter and there having been no appearance made by defendant, it is therefore,

1  ORDERED, ADJUDGED and DECREED that Judgment be entered in favor of Hakkasan LV LLC and Hakkasan Limited, and against defendant Ben Hakim, on all counts of plaintiffs' complaint; and it is further ordered and adjudged that said Judgment shall include the following specific findings of fact and award of specific relief:

1. Hakkasan Limited owns the mark HAKKASAN in connection with, among other things, restaurant, bar and nightclub services. In particular, Hakkasan Limited owns a federal trademark registration (U.S. Reg. No. 3,789,248) for HAKKASAN for bar and restaurant services and a trademark registration (U.S. Reg. No. 4,458,604) for nightclubs, nightclub services in the nature of reservation and booking services for the purpose of arranging for admission to nightclubs, and related services (the "HAKKASAN Marks"). Hakkasan LV is a licensee of the HAKKASAN Marks in connection with its ownership and operation of Hakkasan Las Vegas and has the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada and on the intent in connection with such Vegas nightclub and services.

2. Based on Hakkasan Limited's federal trademark registrations and extensive use, Hakkasan Limited owns the exclusive right to use its HAKKASAN Marks in connection with restaurant, bar, nightclub and related services. As a licensee of the HAKKASAN Marks, Hakkasan LV is entitled to the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada in connection with Hakkasan Las Vegas for restaurant, bar and nightclub services and is entitled to enforce its rights against defendants.

3. The extensive advertising and promotion of Hakkasan Las Vegas and the other Hakkasan locations around the world have resulted in the HAKKASAN name and mark being distinctive for restaurant, bar and nightclub services.

4. Defendant registered and used the HAKKASAN Marks as part of his infringing Internet domain name <www.hakkasannightclublasvegas.com> with the bad faith intent to profit from his use of the HAKKASAN Marks;

5. Defendant linked his infringing domain name to websites entitled "Hakkasan Night Club Las Vegas Nightclub" and "Bottle Services Reservation" with the subtitle "Hakkasan Bottle Service." Defendant's websites invited users to submit personal information to request such

1  services.  The websites claim that the defendant is an authorized promoter for the Hakkasan Las Vegas nightclub, VIP services, and event services and the HAKKASAN name, mark and logo are emblazoned throughout the websites to promote the defendant's services.

6. Defendant's use of the HAKKASAN Marks in connection with his services is likely to cause confusion as to the source and origin of defendant's website and services;

7. If defendant's use of the term HAKKASAN continues, plaintiffs will continue to suffer irreparable injury to their good will and reputation which was established through use of the HAKKASAN Marks, and for which an award of damages would be inadequate;

8. Defendant acted willfully in his infringement and cybersquatting of the HAKKASAN marks; and

9. Defendant is liable for his trademark infringement, unfair competition, cybersquatting, deceptive trade practices and intentional interference with prospective economic advantage.

THEREFORE, IT IS HEREBY ORDERED that defendant Ben Hakim, his respective officers, agents, servants, employees, and/or all persons acting in concert or participation with him, are permanently enjoined (1) from using plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names); and (2) from registering, owning, leasing, selling or trafficking in any domain name containing plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

IT IS FURTHER ORDERED that the current registrar of the <www.hakkasannightclublasvegas.com> domain name shall immediately unlock and permanently transfer the <www.hakkasannightclublasvegas.com> domain name to plaintiff Hakkasan LV, LLC;

IT IS FURTHER ORDERED that defendant pay plaintiff Hakkasan LV, LLC $1,000 in nominal damages for corrective advertising;

IT IS FURTHER ORDERED that defendants pay plaintiff Hakkasan LV, LLC statutory damages of $100,000.00;

IT IS FURTHER ORDERED that Defendants pay plaintiffs' attorneys' fees and costs in the amount of $15,101.76.00;

IT IS FURTHER ORDERED that plaintiffs' cash deposit of one thousand dollars ($1000.00) be released from the registry account of this court and returned to Greenberg Traurig.

IT IS FURTHER ORDERED that jurisdiction of this case shall be retained by this court for the purpose of enforcement of this Judgment.

_____
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2014