1  BENJAMIN HAKIM
   IN PROPIA PERSONA
2  11740 Wilshire Boulevard
   Los Angeles, California 90025
3  Ben.Hakim@Gmail.com
4  805 570 1717

5

6

7

8

9

10

                    UNITED STATES DISTRICT COURT
11                        NEVADA DISTRICT
12                          LAS VEGAS

13  HAKKASAN LV, LLC et al.          ) Case No.: 2:13-cv-1544-KJD-PAL
                                     )
14          Plaintiff,               ) [PROPOSED] NOTICE OF MOTION AND
                                     ) MOTION FOR RELIEF AND SET ASIDE OF
15      vs.                          ) DEFAULT AND DEFAULT JUDGMENT;
                                     ) MEMORANDUM OF POINTS IN
16  BEN HAKIM, et al.                ) AUTHORITIES IN SUPPORT;
                                     ) DECLARATION OF BENJAMIN HAKIM IN
17          Defendants.              ) SUPPORT
                                     )
18                                   )
                                     ) Date:
19                                   ) Time:
                                     ) Department:
20                                   ) 333 S. Las Vegas Boulevard, Las Vegas, NV 89101
21  _____

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                              *i*                    MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

     **TAKE NOTICE**, Defendant BENJAMIN HAKIM ("HAKIM") will bring the attached motion on for hearing before this court on _____(date), at _____ [time] or as soon thereafter as the matter can be heard, in Courtroom No. _____ of the United States Courthouse located at 333 S. Las Vegas Boulevard, Las Vegas, NV 89101 to set aside the default and default judgment because HAKIM was not properly served with process as ordered by the Court, all of which appears in the attached declaration of Defendant HAKIM and from the certificate of service on the summons and complaint and the TRO of 08/30/2014.

 

                                              /S/ BENJAMIN HAKIM

Dated: 16 December 2014              By: _____

                                            BENJAMIN HAKIM

                                            Defendant In Propia Persona

## MOTION FOR RELIEF FROM JUDGMENT OR SET ASIDE OR BOTH

     Defendant HAKIM moves this court per Rule 55 or in the alternative Rule 60 for an order of relief and set aside of the default and default judgment entered in this action on 07/10/2014 and leave to file the proposed motion to quash service of summons and complaint. A proposed copy filed herein.

     The grounds are as follows:

1. Despite the technical correctness of service Defendant did not receive actual notice of the summons and complaint as required under Rules 4 and 5 under the TRO signed by the Court on 08/30/2014.

2. Good cause, within the meaning of Rule 55 and 60 of the Federal Rules of Civil Procedure as shown in the Memorandum of Points and Authorities, and Supporting Declaration of Defendant HAKIM and has valid defenses, if need be asserted.

3. This motion is timely, and Plaintiff will not be unduly prejudiced if the court sets aside the default and default judgment.

1        This motion is based on this document, the notice, the online docket in ECF/PACER, the

2    declaration of defendant, the supporting memorandum of points and authorities, the proposed

3    motion to quash, all of the pleadings, papers, and other records on file in this action and whatever

4    argument and evidence bay be heard at the any hearing on this motion.

5

6                                                        /S/ BENJAMIN HAKIM

7    Dated: 16 December 2014              By:

8                                                   BENJAMIN HAKIM
                                                  Defendant In Propia Persona

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO SET ASIDE

1                                  **POINTS AND AUTHORITIES**

2 **I.**      **Introduction**

3        This case stems from an underlying and purported unauthorized use of Plaintiff's

4 trademark or in the alternative various causes of action related to riding off the name of Plaintiff's

5 intellectual property. In accordance with Rules 55 and 60, Defendant HAKIM moves to set aside

6 the order granting default judgment, and permanent injunction and issue of damages. The Court

7 should set aside the judgment and orders for several and independent reasons.

8        First and foremost, those judgments are void as matters of law pursuant to Rule 60. The

9 court lacked personal jurisdiction over HAKIM, thereby rendering those judgments void.

10 Second, those judgments and orders are void because HAKIM was never served with process

11 complaint with Rules 4 and 5. HAKIM is a citizen of California and resident of Los Angeles Co.

12        Third, HAKIM was not actually in default at the time Attorney Nancy Ayala improperly

13 informed the clerk that there was a default and requested default. Finally, even if the default were

14 proper, there is good cause for setting aside because it was the result of excusable mistake in that

15 HAKIM lacked actual notice and has a valid defense to the causes of action asserted against him.

16 Thus, any refusal to set aside the defense would work an injustice.

17 **II.**      **Background To Case**

18        On or about 08/27/2013 Plaintiff filed the instant action making various allegations and

19 causes of action related to infringement and misappropriation of its intellectual property. On the

20 same date Plaintiff's filed for TRO and preliminary injunction. (See Docket Entries #1- #9)

21 Purported notice was only given by email (See Docket Entry 10). The court set the matter for

22 hearing on 09/17/2014, a subsequent order permitted service by email as to the Preliminary

23 Injunction but further required compliance *in addition* to Rules 4 and 5 of the Fed. R. Civ. Pro. as

24 it related to the service of Summons and Complaint.[1]  Default and default judgment subsequently

25 ensued. See Docket Entry # 16.

26

27   [1] See Docket Entry 9, Page 4, No. 3 Lines 11-15 "In addition, to ensure Defendant receives timely

28 notice of the hearing, given that Defendant must maintain accurate contact information with the
domain name registrar, Plaintiffs **may, in addition to the requirements set forth in Rules 4 and**

1    Service never effectuated in compliance of Rules 4 and 5 which requires personal or other

2    substituted service or a motion allowing alternative service that was not presented.  Consequently,

3    this court's jurisdiction over the Defendant is in question.  Plaintiff has scheduled a judgment

4    debtor's exam which Defendant feels he ought not to participate since being denied the

5    opportunity to defend this case.  There is no proof of personal service (See Docket Entry #8 and

6    Declaration of Plaintiff Attorney Docket Entry #16-1 Declaration of Attorney Ayala page 1 and 2

7    para 4).  Contrary to the Court's order Attorney Ayala did not comply with the terms of the order

8    that was issued by the Court on 08/30/2013. (cf. Docket Entry Re TRO #9, Item No. 3 in order

9    Pg. 4) See Docket Entries # 8, 9, 10, 16, 16-1

10    **III.**    **Argument**

11        **A.**    **Rule 60 Renders the Judgment Void.**

12            **1.**    **Purpose of Rule 60**

13    Rule 60(b), Fed. R. Civ. Pro., allows a district court to grant a motion for relief from a

14    final judgmen4 order or proceeding, including default judgments for judgments or damages for

15    certain reasons enumerated in the Rule. Properly applied, Rule 60(b) strikes a balance between

16    serving the ends of justice and preserving the finality of judgments. House v. Secrema of Health

17    and Human Services, 668 F.2d 7. 9 (2d Cir. 1982); Seven Elves. Inc. v. Eskenazi. 635 F.2d 396,

18    401 (5th Cir.1981) although final judgments should not be lightly reopened, Rule 60(b) should be

19    broadly construed to do "substantial justice." Seven Elves. 635 F .2d at 401. "Given the

20    longstanding goal of allowing parties to prosecute the merits of contested lawsuits, courts grant

21    relief from default judgments liberally." MCI Telecommunications Com. v. The Travel Specialist,

22    1991 U.S. Dist.LEXIS 12878, 2 (D.D.C.S ept.1 7, 1991); Jackson v. Beech 6, 36F .2d8 31, 835

23    (1980).

24    ///

25    ///

26    ///

27

28    **5** of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings
filed to date on Defendant by electronic mail transmission."

## 2.   The Judgment Is Void

Under Rule 60(b) (4) relief from a judgment or order must be granted where the judgment or order is void. A judgment or order may be void where the court lacked jurisdiction over the subject matter, lacked personal jurisdiction over the parties, acted in some matter inconsistent with constitutional due process or otherwise acted beyond the powers granted to it under the law. Gardner v. United States, 1999 U.S. Dist. LEXIS 2192, *5-6 (D.D.C. 1999); Hoult v. Hoult, 57 F.3d 1,6 (1st Cir. 1995). Unlike under Rule 60(b)(1). (2) and (3), there is no question of discretion on the part of the Court when a motion is made under Rule 60 (b)(4). Combs v. Garin Trucking, 825 F.2d 437,441 (D.C. Cir. 1987). If the judgment is void as a matter of law, then relief from the judgment is mandatory. Void judgments are "legal nullities" and the court's refusal to vacate such judgments is a per se abuse of discretion.  See Robinson Eng'g Co. Pension Plan + Trust v. George 223 F.3d. 445 (7th Cir. 2000)(if underlying judgment is void, trial court abuses discretion to deny motion to vacate) Carter v. Fenner 136 1000 (5th Cir. 1998) cert denied. 525 US 1041 (1998) (where judgment is attached as void, district judge has no discretion, if judgment void, it must be vacated).

Moreover, unlike setting aside a default judgment under Rule 60 (b)(1), (2) or (3) where the defaulting party needs to establish the absence of willfulness on its part, the absence of prejudice to the plaintiff, and a meritorious defense, "a party attacking a judgment as void need show no meritorious claim or defense or other equities on his behalf; he is entitled to have the judgment treated for what it is, a legal nullity ." Id. at 441-442.

Finally, the one year statute of limitations applicable to Rule 60(b)(1), (2) and (3) motions is expressly inapplicable to Rule 60(b)(4 ) motions. There is no time limit on an attack on a judgment as void. Austin v. Smith, 312 F.2d 337, 343 (D.C. Cir. 1962);Hertz v. Alamo Rent-A-Car Inc.. 16 F.3d 126, 1130(1st Cir.1994). Moreover, a void judgment cannot acquire validity because of laches on the part of the party who applies for relief from it. Austin, 312 F.2d at 343. Although relief under Rule 60(b)(4) is not available merely because a disposition is erroneous a judgment may be deemed void within the meaning of the rule determined at the rendering, the court was powerless to enter it: Combs, supra,   825 F.2d at 442 (citations omitted). An in

1   personam judgment entered without personal jurisdiction over a defendant is void as to that

2   defendant. Id. A judgment entered when the court has no subject matter jurisdiction over the

3   claims is equally void.

4        As shown below, the default judgment entered against HAKIM and the orders and

5   judgments on damages are void as a matter of law. The Court lacked personal jurisdiction over

6   HAKIM because he lacked minimum contacts with the State of Nevada. As a second ground, the

7   orders and judgments are void because service of process upon HAKIM was deficient.

8        **3.     Hakim Does Not Have The Minimal Contacts With Nevada**

9        Nevada's long-arm statute permits personal jurisdiction over a nonresident defendant

10  unless the exercise of jurisdiction would violate due process. NRS 14.065(1). "Due process

11  requires 'minimum contacts' between the defendant and the forum state 'such that the maintenance

12  of the suit does not offend traditional notions of fair play and substantial justice.'" Trump v.

13  District Court 109 Nev. at 698, 857 P. 2d at 747 (quoting Mizner v. Mizner, 84 Nev. 268, 270,439

14  P.2d 679, 680 (1968)). "[T]he defendant's conduct and connection with the forum State [must be]

15  such that he should reasonably anticipate being hauled into court there." World-Wide

16  Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). A court may exercise specific personal

17  jurisdiction over a defendant only when "the cause of action arises from the defendant's contacts

18  with the forum." Trump, 109 Nev. at 699, 857 P2d at 748. Specific personal jurisdiction is

19  appropriate when the defendant has "purposefully established minimum contacts" such that

20  jurisdiction would "comport with 'fair play and substantial justice.'" Burger King Corp, v.

21  Rudzewicz, 47 U.S. 462, 476 (1985) (quoting Internat. Shoe Co. v. Washinetop,S26 U.S.310,320

22  (1945)).

23       To exercise specific personal jurisdiction over a nonresident defendant, [t]he defendant

24  must purposefully avail himself of the privilege of acting in the forum state or of causing

25  important consequences in that state. The cause of action must arise from the consequences in the

26  forum state of the defendant's activities, and those activities, or the consequences thereof, must

27  have a substantial enough connection with the forum state to make the exercise of jurisdiction

28  over the defendant reasonable.

1    Jarstad v. National Farmers Union, 92 Nev. 380, 387, 552 P.2d 49, 53 (1976). Questions

2    involving personal jurisdiction mandate an inquiry into whether it is "'reasonable . . . to require

3    [the defendant] to defend the particular suit [in the jurisdiction where it is brought.'" Trump, 109

4    Nev. at 7t, 857 P.2d at 749 (first and second alterations in original) (quoting World-Wide

5    Volkswagen Corp., 444 U.S. at 292). Factors to consider in determining whether assuming

6    personal jurisdiction is reasonable include:(1) "the burden on the defendant" of defending an

7    action in the foreign forum, (2) "the forum state's interest in adjudicating the dispute," (3) "the

8    plaintiffs interest in obtaining convenient and effective relief," (4) "the interstate judicial system's

9    interest in obtaining the most efficient resolution of controversies," and (5) the "shared interest of

10   the several States in furthering fundamental substantive social policies." Emeterio v. Clint Hurt

11   and Assocs.,1..14 Nev. 1031, 1036-37,967 P.2d 432, 436 (1998) (quoting World-Wide

12   Volkswagen Corp.,444 U.S. at 292).

13        Consequently This Court never had personal jurisdiction over HAKIM Therefore, any

14   judgment involving him is void as a matter of law. Transaero. Inc. v. La Fuerza Aerea Boliviana,

15   30 F .3d 148, 154 (D.C. Cir. 1994); Combs. supra. 825 F .2d at 442. To establish personal

16   jurisdiction over a non-resident, such as HAKIM  a court must engage in a two-part inquiry: First,

17   a court must examine whether jurisdiction occurs under the applicable state's long-arm statute and

18   second, then determine whether a fading of jurisdiction satisfies the constitutional requirements of

19   due process. GTE New Media Services Inc. v. Bellsouth Communications 199 F.3d 1343, 1347

20   (D.C. Cir. 2000); United States of America v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). As

21   there is no applicable federal long-arm statute, jurisdiction over HAKIM must be determined by

22   reference to Nevada Law.  As stated in HAKIM's declaration, he does not meet the minimum

23   contact thresholds as he is a Citizen of California and resident of Los Angeles County.  He has

24   never transacted business nor held himself out in the Nevada's stream of commerce.  As such, he

25   cannot be adjudged in Nevada.  See Hakim Declaration.

26        **B.    There is Good Cause To Set Default Aside**

27        Even if the default in this case were for some reason valid there would be cause to set it

28   aside for lack of actual notices.  The facts stated show that only electronic service effectuated as it

1  related to setting a hearing for preliminary injunction.  No actual service of physical documents

2  were sent or effectuated.  The lack of a motion under Rule 4 for alternative means of service also

3  supports the notion that no actual effective service of process effectuated onto Defendant HAKIM

4      At the very least constitute mistake, inadvertence, surprise or excusable neglect sufficient

5  to set aside a default and default judgment under Rule 60.  The authorities universally agree that

6  "good cause" standard for setting aside a mere default is much less than that. See Rule 55 (c)

7  Berthelsen v. Kane 907 F.2d 883 885 (7th Cir. 1990) – court of appeals criticized judge who

8  canceled status conference at which defaulting party the opportunity to seek relief under more

9  lenient standard applicable to mere defaults)  In determining good cause has been shown, a court

10  should resolve all doubt in favor of defaulting party.  See Pinto v. Electrical Insulation Suppliers,

11  Inc. 180 FRD 200, 201- 202 (DPR 1998) See Docket Entries # 8, 9, 10, 16, 16-1 as HAKIM

12  lacked actual notice.

13      **C.**    **No Meritorious Defense Required**

14      The existence of a meritorious defense to a claim is a usual prerequisite to relief from -

15  default. Sony Corp. v. Elm State Elec. Inc. 800 F.2d 31 (2d. Cir. 1986) However, in this case a

16  showing of a meritorious defense should not even be required.  HAKIM did not get proper notice

17  and service of the action. HAKIM was served, according to the Docket, by email with regard to

18  the TRO and Preliminary Injunction Hearing.  Had he received actual physical documents by

19  personal or other substituted service like US Mail no formal default would have procured.  When

20  there has not been proper notice of a lawsuit, as in this case, due process consideration mandate

21  that the default be set aside,- even without the should of a meritorious defense. Peralta v. Heights

22  Med. Ctr. 485 US 80, 85-87

23      **1.**    **Regardless of Defense The Court Lacks Personal Jurisdiction**

24      As indicated above, this judgment is a nullity.  Any judgment rendered without persona

25  jurisdiction is void, not merely voidable, and must always be set aside on request.  See Mason v.

26  Genisco Tech Corp, 960 F.2d 849, 851 (9th Cir. 1992). Not only was the service of process

27  defective as outlines in the TRO and Attorney Ayala declaration (Docket Entry #9 and #16-1) the

28  proposed motion to quash service of summons and complaint and the briefing hereinabove

1  indicated Hakim lacks sufficient contact with Nevada to be sued in this judicial district. Therefore

2  regardless of the existence of a defense to the claim in this action, the default must be set aside.

3      **D.**    **Failure to Set Aside Would Be An Appealable Injustice**

4      There is nothing novel in the concept that a trial court has the power to exercise a

5  reasonable control over all proceeding connected with the litigation before it.   Such power

6  necessarily exists as one of the inherent powers of the court, and such power should be exercised

7  by the courts to insure the orderly administration of justice.   Actions should be decided on the

8  merits, Coon v. Grenier 867 F2d. 73, 76 (1st Cir. 1989) – to the contrary would be an injustice

9  unto itself.   The default did not result from deliberate misconduct on the part of HAKIM. The

10  facts of the default have been explained.

11  **IV.**    **Conclusion**

12      For the reasons set forth above, the default and default judgment must be set aside and

13  vacated, and Defendant afforded the opportunity to file his proposed dispositive motion to quash

14  service of summons and complaint on a date assigned by the court.

15

16  Respectfully Submitted,

17

18                                              /S/ BENJAMIN HAKIM

19  Dated: 16 December 2014           By:

20                                              BENJAMIN HAKIM
                                            Defendant In Propia Persona

21

22

23

24

25

26

27

28

7

**DECLARATION IN SUPPORT OF EX PARTE APPLICATION**

Benjamin Hakim Declares under oath and states:

1.      My name is Benjamin Hakim I am over 18 years old.  I reside at 11740 Wilshire Boulevard, Los Angeles, CA 90025 in the Brentwood district of the city.  I am fully competent to make this declaration. The following facts are known to me based on my firsthand knowledge that if called upon to testify, I could and I would competently testify to those matters contained herein. I am the defendant in this action and I am a witness.  I am a citizen of California and a resident of California.  I do not conduct business in Nevada, never have I held myself in the stream of Nevada commerce.

2.      Upon information and belief, this judgment is void as the jurisdiction of the court is in question.  The first time I heard of this action was upon being served an order for judgment debtor's examination scheduled for 18 December 2014.  I immediately begin investigating.

3.      According to PACER, on or about 08/27/2013 Plaintiff filed the instant action making various allegation of infringement and misappropriation of its intellectual property. On the same date Plaintiff's filed for TRO and preliminary injunction. (See Docket Entries #1- #9) Purported notice was only given by email (See Docket Entry 10).  The court set the matter for hearing on 09/17/2014, ("Docket Entry #9)  a subsequent order permitted service by email as to the Preliminary Injunction but further required compliance *in addition* to Rules 4 and 5 of the Fed. R. Civ. Pro. as it related to the service of Summons and Complaint.[2]   Default and default judgment subsequently ensued.  See Docket Entry # 16.

---

[2] See Docket Entry 9, Page 4, No. 3 Lines 11-15 "In addition, to ensure Defendant receives timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, Plaintiffs **may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendant by electronic mail transmission." This appears NOT to relieve opposing counsel from the ongoing Rule 4 and 5 obligation promulgated therein.** See Docket Entries # 8, 9, 10, 16, 16-1

MOTION TO SET ASIDE

1        4.    Service never effectuated to me in compliance of Rules 4 and 5 of the Fed. R. Civ.

2    Pro. which requires personal or other substituted service or a motion allowing alternative service

3    that was not presented.  Consequently, this court's jurisdiction over me is in question.  There is no

4    proof of personal service (See Docket Entry #8 and Declaration of Plaintiff Attorney Docket

5    Entry #16-1 Declaration of Attorney Ayala page 1 and 2 para 4).  Contrary to the Court's order

6    Attorney Ayala did not comply with the terms of the order that was issued by the Court on

7    08/30/2013 as adduced in the request for entry of default and default judgment in Entry #16.

8        5.    I declare under penalty of perjury the foregoing is true and correct under the laws

9    of the United States.

10   Respectfully Submitted,

11

12                                            /S/ BENJAMIN HAKIM

13   Dated: 16 December 2014             By:

14                                          BENJAMIN HAKIM
                                          Defendant In Propia Persona

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                           MOTION TO SET ASIDE

1   [PROPOSED ORDER PREPARED BY]

2   BENJAMIN HAKIM
    **IN PROPIA PERSONA**
    11740 Wilshire Boulevard
3   Los Angeles, California 90025
    Ben.Hakim@Gmail.com
4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                          **NEVADA DISTRICT**

10                            **LAS VEGAS**
                              ---oOo---

11   **HAKKASAN LV, LLC** et al.      ) Case No.: **2:13-cv-1544-KJD-PAL**
                                    )
12                          ) **[PROPOSED] ORDER MOTION TO SET**
            Plaintiff,      ) **ASIDE DEFAULT AND DEFAULT**
13      vs.                    ) **JUDGMENT**
                                    )
14   **BEN HAKIM,**                )
                                  ) **Hearing Date:**
15           Defendants      ) **Time:**
                                  ) **Department:**
16                                   ) 333 South Las Vegas Boulevard, Las Vegas, NV 8
17

18      On_____(date)  Defendant  BENJAMIN  HAKIM

19   moved this Court to have the default and default judgment set aside. Therefore, good cause

20   appearing the motion is hereby **GRANTED.** Defendant HAKIM's proposed motion to quash

21   service of summons and dismiss complaint shall be filed by (date)_____ and

22   shall be heard on the_____ day of _____, _____ at the hour of _____

23   o'clock ____.m.

24   **IT IS SO ORDERED**

25                               By:  _____

26                                     United States District Court Judge
                      Date/ Time: _____

27

28   _____

                                      MOTION TO SET ASIDE

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

|  |  |  |
|---|---|---|
| Hakkasan LV, LLC, a Nevada limited liability company, Hakkasan Limited, a foreign private limited company, | ) ) ) ) | |
| _Plaintiff(s)_ | ) ) | Civil Action No. 2:13-cv-01544-KJD-PAL |
| v. | ) ) | |
| Ben Hakim | ) ) ) | |
| _Defendant(s)_ | ) ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Ben Hakim

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Lauri S. Thompson, Esq.
Laraine Burrell, Esq.
Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 N
Las Vegas, Nevada 89169

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

LANCE S. WILSON

CLERK

_Lance S. Wilson_

(By) DEPUTY CLERK

DATE    8/27/2013

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  13-1544

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

1  LAURI S. THOMPSON, ESQ. (NV BAR NO. 6846)
   thompsonl@gtlaw.com
2  LARAINE BURRELL, ESQ. (NV Bar No. 8771)
   burrelll@gtlaw.com
3  SHAUNA L. WELSH, ESQ. (NV BAR NO. 11320)
   welshs@gtlaw.com
4  GREENBERG TRAURIG, LLP
   3773 Howard Hughes Parkway, Suite 400N
5  Las Vegas, Nevada 89169
   Telephone: (702) 792-3773
6  Facsimile: (702) 792-9002
   *Counsel for Plaintiffs*
7

8                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
9

10  HAKKASAN LV, LLC, a Nevada          Case No.: 2:13-cv-1544-KJD-PAL
    limited     liability    company,
11  HAKKASAN LIMITED, a foreign
    private limited company,                    **TEMPORARY**
12                                        **RESTRAINING ORDER**
                   Plaintiffs,
13
    v.
14
    BEN HAKIM an individual,
15
                   Defendant.
16

17

18        UPON CONSIDERATION of the motion filed by Plaintiffs Hakkasan LV, LLC, a Nevada

19  limited liability company and Hakkasan Limited, a foreign private limited company (collectively

20  "Plaintiffs"), requesting a temporary restraining order and injunction requiring Defendant Ben

21  Hakim ("Defendant") to immediately cease and desist all use of Plaintiffs' HAKKASAN and/or

22  similar   or   derivative   trademarks   and   names   including,   but   not   limited   to

23  <hakkasannightclublasvegas.com> and on the website <www.bottlerservicereservation.com>, the

24  supporting memorandum of points and authorities, the supporting declarations, the record in this

25  case, and for other good cause shown:

26        THE COURT HEREBY FINDS THAT:

27        1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

28  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §

LV 420059790v1

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1   1367(a);

2       2.      This Court has personal jurisdiction over Defendant in that he committed tortious acts

3   that he knew or should have known would cause injury to Plaintiffs in the State of Nevada;

4       3.      Plaintiffs have made extensive use of the HAKKASAN Mark in connection with

5   advertising and promoting its restaurants in the United States and around the world and to promote

6   its Las Vegas restaurant and nightclub services in the United States and around the world.

7       4.      Defendant registered a domain name incorporating Plaintiffs' legal and business

8   names including <hakkasannightclublasvegas.com>;

9       5.      Defendant   has   used   the   HAKKASAN   Mark   on   his   website

10  <hakkasannightclublasvegas.com> for his own commercial and financial benefit.

11      6.      Defendant registered the domain name <www.bottleservicesreservation.com> which

12  references the HAKKASAN Mark.

13      7.      Defendant   has   used   the   HAKKASAN   Mark   on   his   website

14  <www.bottleservicesreservation.com> for his own commercial and financial benefit.

15      8.      Defendant   has   listed   the   <hakkasannightclublasvegas.com>   and

16  <www.bottleservicesreservation.com> websites on his Facebook page.

17      9.      Plaintiffs will suffer irreparable injury if the Court does not require Defendant to

18  cease and desist use of the Plaintiffs' name and marks and to immediately remove any and all

19  content concerning the Plaintiffs displayed on the websites connected to the domain names at issue;

20      10.     Plaintiffs will suffer irreparable injury if the Court does not require Defendant to

21  cease and desist use of the Plaintiffs' name and marks on his Facebook page and any similar website

22  or account he owns and/or operates including, but not limited to, Twitter and to remove any and all

23  content which references the Plaintiffs and any and all services Plaintiffs provide at the Hakkasan

24  Las Vegas nightclub and elsewhere.

25      11.     Plaintiffs have demonstrated a likelihood of success on the merits of their

26  cybersquatting claim under 15 U.S.C. § 1125(d) and their Nevada state trademark infringement

27  claim; and

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

12.     There is no likelihood of harm to the public from the temporary restraining order now being granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Application for Temporary Restraining Order is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of Plaintiffs' name and trademarks and any and all variants thereof including but not limited to HAKKASAN and <hakkasannightclublasvegas.com>.

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of Plaintiffs' name and trademarks and any and all variants thereof including but not limited to HAKKASAN on his website <www.bottleservicesreservation.com>

IT IS FURTHER ORDERED that pursuant to 15 U.S.C. § 1126(d)(1)(C), the domain name <hakkasannightclublasvegas.com> shall be immediately locked by the registrar and/or its successor registrars and transferred to Plaintiff.

IT IS FURTHER ORDERED THAT Defendant will cease and desist any and all use of the Plaintiffs' name and marks on his Facebook page and any similar website or account he owns and/or operates including, but not limited to, Twitter, and remove any and all content which references the Plaintiffs and any and all services Plaintiffs provide at the Hakkasan Las Vegas nightclub and elsewhere.

IT IS FURTHER ORDERED that Defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon Plaintiffs within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with this Court's Order; and

IT IS FURTHER ORDERED that Plaintiffs shall post a nominal bond of $ 1,000 because the evidence indicates that Defendant will only suffer minimal, if any, damage by the issuance of this temporary restraining order.

## ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of Plaintiffs' Motion, the Memorandum of Points and Authorities, the supporting declarations and exhibits, the papers and pleadings on file in this matter

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

and for good cause shown;

    1.    The Court hereby sets the hearing for Plaintiffs' Motion for Preliminary Injunction on Sept. 17, 2013, at 9:00 a.m. in Courtroom 4A at the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

    2.    Further, the Court hereby sets the following briefing schedule relating to Plaintiffs' Motion:

    (a)  Defendant shall file and serve opposition papers, if any, no later than September 12, 2013; and

    (a)  Plaintiffs shall file and serve their reply brief, if any, no later than Sept. 16, 2013.

    3.    In addition, to ensure Defendant receives timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, Plaintiffs may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendant by electronic mail transmission.

    DATED: 30th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE

Date/Time: August 30, 2013/12:00 P.M.

Respectfully submitted by:

GREENBERG TRAURIG, LLP

/s Lauri S. Thompson
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Counsel for Plaintiffs

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420059790v1

LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA L. WELSH, ESQ.
Nevada Bar No. 11320
welshs@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,

Plaintiffs,

v.

BEN HAKIM an individual,

Defendant.

Case No. 2:13-cv-01544-KJD-PAL

**PLAINTIFFS' NOTICE OF SERVICE BY EMAIL**

For their complaint against Defendant, Ben Hakim ("Defendant"), Plaintiffs, Hakkasan LV, LLC, a Nevada limited liability company and Hakkasan Limited, a foreign private limited company ("Plaintiffs") complain and allege as follows:

**NOTICE IS HEREBY GIVEN** that on the 13th day of September, 2013, a true and accurate copy of the e-mail attached as **Exhibit 1** (which contained electronic copies of the Summons issued herein; the Complaint; Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction; Issued Summons and the Temporary Restraining Order setting the hearing on the Motion for Preliminary Injunction for 9:00 a.m. on September 17, 2013) was transmitted to the e-mail address of Defendant Ben Hakim last known by Plaintiff. A copy of the registered

LV 420075320v1

electronic mail receipt which reflects delivery of **Exhibit 1** which attached the above-referenced documents is attached hereto as **Exhibit 2**.

DATED: this 16th day of September, 2013.

GREENBERG TRAURIG, LLP

*/s/ Laraine Burrell*
Lauri S. Thompson (Bar No. 1086)
Laraine Burrell (Bar No. 8771)
Shauna Welsh (Bar No. 11320)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Plaintiffs*

LV 420075320v1

# EXHIBIT 1

| From: | Nev, Cynthia (Para-LV-LT) |
|---|---|
| To: | ben.hakim@gmail.com |
| Subject: | LEGAL NOTICE (Sent Registered) |
| Date: | Friday, September 13, 2013 6:52:16 PM |
| Attachments: | 001 - Complaint.PDF |
| | 002 - Ex Parte Plaintiff_s App for TRO.PDF |
| | 009 TRO Temporary Restraining Order.PDF |
| | 008 SUMM Summons Issued as to Ben Hakim re [1] Complaint.PDF |

## NOTICE TO REGISTRANT

ben.hakim@gmail.com
Ben Hakim
11740 Wilshire Blvd, A2104
Los Angeles, CA  90025

Re:  Hakkasan LV, LLC, et al.

     v.

     Ben Hakim, an individual

NOTE:  Please contact me immediately if you do not receive all documents as noted below:

Issued Summons, Granted TRO, Filed Complaint, Filed Application for TRO and Motion for Preliminary Injunction

The person and/or entity referenced above has been sued in Case No. 2:13-cv-01544-KJD-PAL in the  United States District Court for the District of Nevada for cybersquatting (15 U.S.C. § 1125(d)), trademark infringement (15 U.S.C. § 1114), unfair competition (15 U.S.C. §  1125(a)), common law trademark infringement, deceptive trade practices (N.R.S. §  598.0903 et seq.), fraud and intentional interference with prospective economic advantage for the registration and use of the <hakkasannightclublasvegas.com> domain name.  By Court Order, the attached documents are to be served on Defendant by e-mail, based upon the contact information provided by Defendant to the domain name registrar, to provide timely notice to Defendant that Plaintiff's Motion for Preliminary Injunction will be heard by the Court on September 17, 2013 at 9:00 a.m. in Courtroom 4A of the  United States District Court located at 333 Las Vegas Boulevard South, Las Vegas, Nevada, 89101.  Defendants may file and serve opposition papers, if any, no later than September 12, 2013.  Defendants must appear before the Court on September 17, 2013 or suffer judgment to be entered in favor of Plaintiff

# EXHIBIT 2

| From: | Receipt |
|---|---|
| To: | Nev, Cynthia (Para-LV-LT) |
| Subject: | Receipt:LEGAL NOTICE |
| Date: | Friday, September 13, 2013 8:56:09 PM |
| Attachments: | DeliveryReceipt.xml |
| | HtmlReceipt.htm |



**This receipt contains verifiable proof of your RPost transaction.**
The holder of this receipt has proof of delivery, message and attachment content, and official time of sending and receipt. Depending on services selected, the holder also may have proof of encrypted transmission and/or electronic signature.

**To authenticate this receipt, forward this email with its attachment to 'verify@rpost.net'**

### Delivery Status

| Address | Status | Details | Delivered (UTC*) | Delivered (local) | Opened (local) |
|---|---|---|---|---|---|
| ben.hakim@gmail.com | Delivered to Mailserver | 250 2.0.0 OK 1379123599 sl4si13253560pac.184 - gsmtp gmail-smtp-in.l.google.com (74.125.25.26) | 9/14/2013 1:53:19 AM (UTC) | 9/14/2013 1:53:19 AM (GMT) | |

*UTC represents Coordinated Universal Time.

### Message Envelope

| From: | neyc@gtlaw.com<neyc@gtlaw.com> |
|---|---|
| Subject: | LEGAL NOTICE |
| To: | <ben.hakim@gmail.com> |
| Cc: | |
| Bcc: | |
| Network ID: | <3C1DEB0E32EC3D4D92E8A8028076C3B1B6A896@GT2-EXMBX05.gtlaw.co |
| Received: | 9/14/2013 1:53:14 AM(UTC) 0 |
| Client Code: | |

### Message Statistics

| Message ID: | 86908AEAF793C0FCF67479A5E86F8CCD6902632C |
|---|---|
| Message Size: | 7441622 |
| Additional Notes: | None |
| File Name: | File Size (bytes) |
| 001 - Complaint.PDF | 2009920 |
| 002 - Ex Parte Plaintiff_s App for TRO.PDF | 2160346 |
| 009 TRO Temporary Restraining Order.PDF | 184569 |
| 008 SUMM Summons Issued as to Ben Hakim re [1] Complaint.PDF | 1050896 |

### Delivery Audit Trail

2013-09-13 18:53:15 starting gmail.com/mta1\n 2013-09-13 18:53:15 connecting from mta1.la1.rpost.net (64.70.1.107) to gmail-smtp-in.l.google.com (74.125.25.26)\n 2013-09-13 18:53:15 connected from 64.70.1.107:60072\n 2013-09-13 18:53:15 >>> 220 mx.google.com ESMTP sl4si13253560pac.184 - gsmtp\n 2013-09-13 18:53:15 <<< EHLO mta1.la1.rpost.net\n 2013-09-13 18:53:16 >>> 250-mx.google.com at your service, [64.70.1.107]\n 2013-09-13 18:53:16 >>> 250-SIZE 35882577\n 2013-09-13 18:53:16 >>> 250-8BITMIME\n 2013-09-13 18:53:16 >>> 250-STARTTLS\n 2013-09-13 18:53:16 >>> 250-ENHANCEDSTATUSCODES\n 2013-09-13 18:53:16 >>> 250-PIPELINING\n 2013-09-13 18:53:16 >>> 250 CHUNKING\n 2013-09-13 18:53:16 <<< MAIL FROM:<rcp86908AEAF793C0FCF67479A5E86F8CCD6902632C-1@rpost.net> BODY=7BIT\n 2013-09-13 18:53:16 <<< RCPT TO:<ben.hakim@gmail.com>\n 2013-09-13 18:53:16 <<< DATA\n 2013-09-13 18:53:16 >>> 250 2.1.0 OK sl4si13253560pac.184 - gsmtp\n 2013-09-13 18:53:16 >>> 250 2.1.5 OK sl4si13253560pac.184 - gsmtp\n 2013-09-13 18:53:16 >>> 354 Go ahead sl4si13253560pac.184 - gsmtp\n 2013-09-13 18:53:17 <<< .\n 2013-09-13 18:53:19 >>> 250 2.0.0 OK 1379123599 sl4si13253560pac.184 - gsmtp\n 2013-09-13 18:53:19 <<< QUIT\n 2013-09-13 18:53:19 >>> 221 2.0.0 closing connection sl4si13253560pac.184 - gsmtp\n 2013-09-13 18:53:19 closed gmail-smtp-in.l.google.com (74.125.25.26) in=449 out=7443978\n 2013-09-13 18:53:19 done gmail.com/mta1

This Registered Receipt email is verifiable proof of your Registered Email transaction. It contains:
1. An official time stamp.
2. Proof that your message was sent and to whom it was sent.
3. Proof that your message was delivered to its addressees or their authorized electronic agents.
4. Proof of the content of your original message and all of its attachments.

Note: By default, RPost does not retain a copy of your email or this receipt and you should not rely on the information above until the receipt is verified with RPost. Keep this email and its attachment in place for your records. General terms and conditions are available at the RPost **Legal Notice** web page.

For more information about RPost services, visit **www.rpost.com**.                                          An RPost Service

RcptVer6.0

LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA L. WELSH, ESQ.
Nevada Bar No. 11320
welshs@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>Plaintiffs,<br><br>v.<br><br>BEN HAKIM an individual,<br><br>Defendant. | Case No. 2:13-cv-01544-KJD-PAL<br><br>**DECLARATION OF NANCY R. AYALA IN SUPPORT OF PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AS TO BEN HAKIM** |

1.    I am an attorney with the law firm of Greenberg Traurig, LLP, counsel for plaintiffs Hakkasan LV, LLC and Hakkasan Limited in this case, and I have personal knowledge of the facts set forth in this declaration.

2.    This declaration is made pursuant to Fed. R. Civ. P. 55(a) for the purpose of enabling plaintiffs to obtain an entry of default against defendant BEN HAKIM ("Hakim") for Mr. Hakim's failure to answer or otherwise plead to plaintiffs' complaint.

3.    Plaintiffs filed their complaint on August 27, 2013.

4.    On September 16, 2013, plaintiffs' counsel caused defendant Hakim to be served with the complaint and summons by electronic mail [*see* doc. no. 10] in accordance

*LV 420203001v1*

1   with the Court's Temporary Restraining Order issued on August 30, 2013.  *See* Doc. No. 9,

2   Order, ¶ 3.  Mr. Hakim's answer was due on October 4, 2013.

3           5.       Defendant Ben Hakim has failed to serve an answer or other responsive

4   pleading as required by Fed. R. Civ. P. 12.

5           DATED this 31st day of March, 2014.

6

7                                   **GREENBERG TRAURIG, LLP**

8                                   /s/ Nancy R. Ayala
                                    Nancy R. Ayala (NV Bar No. 7146)
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*LV 420203001v1*

LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
NANCY R. AYALA
Nevada Bar No. 7146
ayalan@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA L. WELSH, ESQ.
Nevada Bar No. 11320
welshs@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>Plaintiffs,<br><br>v.<br><br>BEN HAKIM an individual,<br><br>Defendant. | Case No.  2:13-cv-01544-KJD-PAL<br><br>**REQUEST FOR ENTRY OF DEFAULT AS TO DEFENDANT BEN HAKIN** |

Plaintiffs, HAKKASAN LV, LLC and HAKKASAN LIMITED, hereby respectfully request the Clerk of the Court to enter default under Fed. R. Civ. P. 56(a) as to defendant

/ / /

/ / /

/ / /

/ / /

/ / /

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420203000v1

1    BEN HAKIM for its failure to plead, answer or otherwise defend, as supported by the

2    Declaration of Nancy R. Ayala filed herewith.

3        DATED this 31st day of March, 2014.

4

5                        **GREENBERG TRAURIG, LLP**

6                        /s/ Nancy R. Ayala
                         Nancy R. Ayala (NV Bar No. 7146)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420203000v1