1  BENJAMIN HAKIM
   IN PROPIA PERSONA
2  11740 Wilshire Boulevard
   Los Angeles, California 90025
3  Ben.Hakim@Gmail.com
4  805 570 1717

# UNITED STATES DISTRICT COURT
## NEVADA DISTRICT
### LAS VEGAS

| | |
|---|---|
| HAKKASAN LV, LLC et al. | ) Case No.: **2:13-cv-1544-KJD-PAL** |
| Plaintiff, | ) [PROPOSED] NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND TO DISMISS ACTION |
| vs. | ) |
| BEN HAKIM, et al. | ) |
| Defendants. | ) Date: |
| | ) Time: |
| | ) Department: |
| | ) 333 S. Las Vegas Boulevard, Las Vegas, NV 89101 |

///
///
///
///
///
///
///

i                              MOTION TO QUASH DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**TAKE NOTICE**, Defendant BENJAMIN HAKIM ("HAKIM") will bring the attached motion on for hearing before this court on _____(date), at _____ [time] or as soon thereafter as the matter can be heard, in Courtroom No. _____ of the United States Courthouse located at 333 S. Las Vegas Boulevard, Las Vegas, NV 89101 to quash service of summons and complaint and dismiss this action because HAKIM was not properly served with process as ordered by the Court, all of which appears in the attached declaration of Defendant HAKIM and from the certificate of service on the summons and complaint and the TRO of 08/30/2014.

Dated: 16 December 2014       By:   /S/ BENJAMIN HAKIM
                                    _____
                                    BENJAMIN HAKIM
                                    Defendant In Propia Persona

## MOTION FOR RELIEF FROM JUDGMENT OR SET ASIDE OR BOTH

Defendant BENJAMIN HAKIM, submits this memorandum of points and authorities in support of its motion to quash service of process and to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

This motion is based on this document, the notice, the online docket in ECF/PACER, the declaration of defendant, the supporting memorandum of points and authorities, the proposed motion to quash, all of the pleadings, papers, and other records on file in this action and whatever argument and evidence bay be heard at the any hearing on this motion.

Dated: 16 December 2014       By:   /S/ BENJAMIN HAKIM
                                    _____
                                    BENJAMIN HAKIM
                                    Defendant In Propia Persona

**POINTS AND AUTHORITIES**

## I. Introduction

This case stems from an underlying and purported unauthorized use of Plaintiff's trademark or in the alternative various causes of action related to riding off the name of Plaintiff's intellectual property. The court lacked personal jurisdiction over HAKIM, thereby rendering those judgments void. Second, those judgments and orders are void because HAKIM was never served with process complaint with Rules 4 and 5. HAKIM is a citizen of California and resident of Los Angeles Co.

## II. Background To Case

On or about 08/27/2013 Plaintiff filed the instant action making various allegations and causes of action related to infringement and misappropriation of its intellectual property. On the same date Plaintiff's filed for TRO and preliminary injunction. (See Docket Entries #1- #9) Purported notice was only given by email (See Docket Entry 10). The court set the matter for hearing on 09/17/2014, a subsequent order permitted service by email as to the Preliminary Injunction but further required compliance *in addition* to Rules 4 and 5 of the Fed. R. Civ. Pro. as it related to the service of Summons and Complaint.[1] Default and default judgment subsequently ensued. See Docket Entry # 16.

Service never effectuated in compliance of Rules 4 and 5 which requires personal or other substituted service or a motion allowing alternative service that was not presented. Consequently, this court's jurisdiction over the Defendant is in question. Plaintiff has scheduled a judgment debtor's exam which Defendant feels he ought not to participate since being denied the opportunity to defend this case. There is no proof of personal service (See Docket Entry #8 and Declaration of Plaintiff Attorney Docket Entry #16-1 Declaration of Attorney Ayala page 1 and 2 para 4). Contrary to the Court's order Attorney Ayala did not comply with the terms of the order

---

[1] See Docket Entry 9, Page 4, No. 3 Lines 11-15 "In addition, to ensure Defendant receives timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, Plaintiffs **may, in addition to the requirements set forth in Rules 4 and 5** of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendant by electronic mail transmission." This does not appear to relieve counsel of the ongoing obligation promulgated under Rules 4 and 5.

that was issued by the Court on 08/30/2013. (cf. Docket Entry Re TRO #9, Item No. 3 in order Pg. 4) Even then, counsel for Plaintiff improperly served via electronic mail pursuant to Federal Rule of Civil Procedure 4(m), a complaint shall be dismissed if not properly served within 120 days of filing. Accordingly, Defendant asks the Court to quash service of process and to dismiss the Complaint. See Docket Entries # 8, 9, 10, 16, 16-1

### III. Argument

#### A. The Summons Is Defective & Service Was Improper As Ordered

Service of process must comply with the requirements of Federal Rule of Civil Procedure 4. As explained below, the Summons in this case fails to comply with Rule 4 and is invalid even as ordered by the TRO (Docket #9) that did not alleviate the obligations regarding process of service promulgated under Rules 4 and 5. Accordingly, for these reasons and those contained below, the Court should quash service of process. See Docket Entries # 8, 9, 10, 16, 16-1

##### 1. The Summons Is Facially Invalid With No Certificate of Service

Federal Rule of Civil Procedure 4(a) requires that a summons "be directed to the defendant." In the present case, it was directed to Defendant's email See (Docket Entries #9, #16 and #16-1). Instead, it is directed to undersigned counsel. Accordingly, Plaintiff's Summons is defective on its face and pursuant to Federal Rule of Civil Procedure 12(b)(4) should be quashed.

##### 2. The Attempted Service By Email Was Infective

Federal Rule of Civil Procedure 4(h) provides the various methods of acceptable service of process on a corporation. Pursuant to Rule 4(k)(1)(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Here, as the service on SOLELY by electronic mail was inappropriate therefore, granting a motion to quash service pursuant to Federal Rule of Civil Procedure 12(b)(5) is therefore appropriate. As explained above, the Summons in this case is directed is therefore, invalid. Neither the person Plaintiff actually served. Accordingly, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), Plaintiff's attempted service of a facially invalid Summons should be quashed. See Docket Entries # 8, 9, 10, 16, 16-1

3.  **Hakim Does Not Have The Minimal Contacts With Nevada**

Nevada's long-arm statute permits personal jurisdiction over a nonresident defendant unless the exercise of jurisdiction would violate due process. NRS 14.065(1). "Due process requires 'minimum contacts' between the defendant and the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Trump v. District Court 109 Nev. at 698, 857 P. 2d at 747 (quoting Mizner v. Mizner, 84 Nev. 268, 270, 439 P.2d 679, 680 (1968)). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being hauled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). A court may exercise specific personal jurisdiction over a defendant only when "the cause of action arises from the defendant's contacts with the forum." Trump, 109 Nev. at 699, 857 P2d at 748. Specific personal jurisdiction is appropriate when the defendant has "purposefully established minimum contacts" such that jurisdiction would "comport with 'fair play and substantial justice.'" Burger King Corp, v. Rudzewicz, 47 U.S. 462, 476 (1985) (quoting Internat. Shoe Co. v. Washinetop, S26 U.S. 310, 320 (1945)).

To exercise specific personal jurisdiction over a nonresident defendant, [t]he defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. The cause of action must arise from the consequences in the forum state of the defendant's activities, and those activities, or the consequences thereof, must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Jarstad v. National Farmers Union, 92 Nev. 380, 387, 552 P.2d 49, 53 (1976). Questions involving personal jurisdiction mandate an inquiry into whether it is "'reasonable . . . to require [the defendant] to defend the particular suit [in the jurisdiction where it is brought.'" Trump, 109 Nev. at 7t, 857 P.2d at 749 (first and second alterations in original) (quoting World-Wide Volkswagen Corp., 444 U.S. at 292). Factors to consider in determining whether assuming personal jurisdiction is reasonable include:(1) "the burden on the defendant" of defending an action in the foreign forum, (2) "the forum state's interest in adjudicating the dispute," (3) "the plaintiffs interest in obtaining convenient and effective relief," (4) "the interstate

judicial system's interest in obtaining the most efficient resolution of controversies," and (5) the "shared interest of the several States in furthering fundamental substantive social policies." Emeterio v. Clint Hurt and Assocs.,1..14 Nev. 1031, 1036-37,967 P.2d 432, 436 (1998) (quoting World-Wide Volkswagen Corp.,444 U.S. at 292).

Consequently This Court never had personal jurisdiction over HAKIM Therefore, any judgment involving him is void as a matter of law. Transaero. Inc. v. La Fuerza Aerea Boliviana, 30 F .3d 148, 154 (D.C. Cir. 1994); Combs. supra. 825 F .2d at 442. To establish personal jurisdiction over a non-resident, such as HAKIM a court must engage in a two-part inquiry: First, a court must examine whether jurisdiction occurs under the applicable state's long-arm statute and second, then determine whether a fading of jurisdiction satisfies the constitutional requirements of due process. GTE New Media Services Inc. v. Bellsouth Communications 199 F.3d 1343, 1347 (D.C. Cir. 2000); United States of America v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). As there is no applicable federal long-arm statute, jurisdiction over HAKIM must be determined by reference to Nevada Law. As stated in HAKIM's declaration, he does not meet the minimum contact thresholds as he is a Citizen of California and resident of Los Angeles County. He has never transacted business nor held himself out in the Nevada's stream of commerce.

As indicated above, this judgment is a nullity. Any judgment rendered without personal jurisdiction is void, not merely voidable, and must always be set aside on request. See Mason v. Genisco Tech Corp, 960 F.2d 849, 851 (9th Cir. 1992). Not only was the service of process defective as outlines in the TRO and Attorney Ayala declaration (Docket Entry #9 and #16-1) the proposed motion to quash service of summons and complaint and the briefing hereinabove indicated Hakim lacks sufficient contact with Nevada to be sued in this judicial district. Therefore regardless of the existence of a defense to the claim in this action, the default must be set aside.

**B.    The Complaint Against HAKIM Should Be Dismissed**

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the summons and complaint within 120 days of the date the complaint was filed. Rule 4(m) provides in relevant part: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the

1    plaintiff, shall dismiss the action without prejudice ..."Id. Plaintiff had 120 days in which to serve
2    the Complaint under Rules 4 and 5 pursuant the TRO (see Docket #9) that Attorney Ayala failed
3    to demonstrate or the very least adduce (See Docket #16, 16-1) Accordingly, the time-period for
4    service under Rule 4(m) expired on December 01, 2014. Opposing counsel failed to attempt to
5    serve the Complaint only by email (See Ayala Decl Docket Entry #16, 16-1).
6        Clearly, Plaintiff has not complied with the service requirements of Rule 4(m) and
7    Plaintiff's Complaint should be dismissed.

## IV. Conclusion

9        For the foregoing reasons, Defendant asks the Court to grant this motion to quash service
10   and to dismiss the Complaint.

Respectfully Submitted,

Dated: 16 December 2014      By:    /S/ BENJAMIN HAKIM
                                        BENJAMIN HAKIM
                                        Defendant In Propia Persona

1  [PROPOSED ORDER PREPARED BY]
   BENJAMIN HAKIM
2  IN PROPIA PERSONA
   11740 Wilshire Boulevard
3  Los Angeles, California 90025
4  Ben.Hakim@Gmail.com

UNITED STATES DISTRICT COURT
NEVADA DISTRICT
LAS VEGAS
---oOo---

| | |
|---|---|
| HAKKASAN LV, LLC et al. | ) Case No.: **2:13-cv-1544-KJD-PAL** |
| Plaintiff, | ) [PROPOSED] ORDER MOTION TO QUASH AND DISMISS |
| vs. | ) |
| BEN HAKIM, | ) Hearing Date: |
| | ) Time: |
| Defendants | ) Department: |
| | ) 333 South Las Vegas Boulevard, Las Vegas, NV 8 |

On_____(date) The Court has considered Defendant's motion to dismiss and to quash service of process, and all arguments submitted in support thereof and in opposition thereto. Finding good cause, Defendant's motion is hereby **GRANTED.** Service of process upon BENJAMIN HAKIM., shall be **QUASHED** and the Complaint shall be **DISMISSED.**

**IT IS SO ORDERED**

By: _____
United States District Court Judge
Date/ Time: _____