LAURI S. THOMPSON
Nevada Bar No. 6846
LARAINE M.I. BURRELL
Nevada Bar No. 8771
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
thompsonl@gtlaw.com;
burrelll@gtlaw.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>Plaintiffs,<br><br>v.<br><br>BEN HAKIM, an individual,<br><br>Defendant. | Case No.: 2:13-cv-01544-KJD-PAL<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 1015 THAT:**<br><br>**DEFENDANT'S NOTICE IS MOOT AND UNRIPE** |

Plaintiffs, HAKKASAN LV LLC and HAKKASAN LIMITED (collectively "Plaintiffs" or "Hakkasan") by and through the undersigned counsel of record hereby file this Response to ("Response") to Defendant, BEN HAKIM'S ("Defendant" or "Hakim") Notice of Related Cases Pursuant to Local Rule 1015 ("Notice").

This Response is based upon the attached memorandum of points and authorities, the papers, pleadings, declarations and exhibits on file herein, and any oral argument that this Court may allow.

/ / /

/ / /

/ / /

LV 420377590v3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. HAKIM'S NOTICE OF RELATED CASES AND ATTEMPT TO CONSOLIDATE IS BOTH MOOT AND UNRIPE

Defendant's Notice of Related Cases is intended to request both cases referenced in the notice be consolidated.[1] Defendant's notice is based upon an inapplicable rule and is moot and unripe because; (1) Defendant's Notice is based upon Local Rule 1015 which relates to bankruptcy matters and the consolidation or joint administration of bankruptcies. No bankruptcy proceeding is at issue here; (2) both cases referenced in the Notice are closed after the court entered a default and final judgment against each and every one of the respective defendants; and (3) even though the respective individual defendants[2] in each case have filed motions to set aside their default judgments, the motions have not been fully briefed nor has the court made a determination as to whether the default will be set aside as to one or both cases. Until, and unless the default judgments against the individual defendants are set aside there are no open cases to consolidate. Defendant's Notice is moot at this time.

Importantly, Defendant Wang from the second case has not filed to consolidate his case with the instant case. Further, Hakim has offered no basis as to why he is entitled to make a unilateral decision to consolidate his case with another.[3] Finally, Defendant has failed to file a similar notice in the second case putting that Court on notice of the pending request to consolidate the two closed cases.

///
///
///

---

[1] The cases are this case at bar and Case No. 2:13-cv-01122, *Hakkasan LV, LLC, et al. v. Wang.*
[2] No Motion to Set Aside the Default Judgment against defendant Prime Nightlife, LLC in Case No. 2:13-cv-01122 has been filed such that the default judgment will stand regardless of the outcomes of Hakim and Wang's motions to set aside.
[3] It is possible that Ben Hakim either solely owns Prime Nightlife, or owns it jointly with Tsang Wang, and quite possibly this request to consolidate is an indirect way for the Defilant to have an influence on the Tsang Wang case, and thus protecting his interest in Prime Nightlife without retaining counsel to represent the company. Nevertheless consolidation at this point still is moot and not ripe, and should not be granted.

A. **Factual and Procedural Background – This Case At Bar Against Hakim**

1. A complaint was filed against Hakim on August 27, 2013. Hakim was served on September 13, 2013 by electronic mail. An affidavit of service was filed with this court on September 16, 2013. Hakim failed to file an answer or otherwise appear in this case.

2. On May 30, 2014, plaintiffs filed a motion for permanent injunction and default judgment. Doc # 20. The motion for default judgment was granted on July 10, 2014. Doc # 22. Also on July 10, 2014, this case was closed.

3. Plaintiffs filed for and were granted permission to conduct a judgment debtor's examination of Defendant Hakim on December 18, 2014. Doc. # 25. Hakim appeared for the examination but refused to answer questions.

4. Hakim filed motions to quash service, to dismiss, and to set aside the default judgment against him on December 16, 2014. Docs. # 27, 28 & 29. These motions have not been fully briefed and no hearing date has been set. As the court is aware, this case remains closed.

B. **Factual and Procedural Background – The Second Case Against Wang**

1. A complaint was filed against Wang on June 25, 2013. Wang was served on July 12, 2013 by electronic mail. An affidavit of service was filed with this court on July 23, 2013. Hakim failed to file an answer or otherwise appear in this case.

2. On April 25, 2014, Plaintiffs filed a motion for permanent injunction and default judgment. Doc # 27. The motion for default judgment was granted on May 16, 2014. Doc # 28. Also on May 16, 2014, this case was closed.

3. Plaintiffs filed for and were granted permission to conduct a judgment debtor's examination of defendant, Wang on December 17, 2014. Doc. # 34. Wang appeared for the examination but refused to answer questions.

4. Wang filed motions to quash service, to dismiss, and to set aside the default judgment against him on December 17, 2014. Docs. # 42, 43 & 44. These motions have not been fully briefed and no hearing date has been set. As the Court is aware, this case remains closed

C. **Even though both cases are based on similar cybersquatting and trademark infringement related claims, the cases involve different parties and different infringing domain names**

Simply because lawsuits arise out of similar causes of action - in this instance cybersquatting and trademark infringement by the respective defendants registering infringing domain names incorporating the Plaintiff's famous HAKKASAN name and mark - does not make the cases sufficiently related to warrant that the cases be consolidated. The infringing domain name registered by Hakim in this case is different from that registered by Wang in the second case. Additionally, the Registrants were different, Wang used NameCheap.com and a proxy Whois Guard service and

Hakim used GoDaddy.com without a proxy whois service, and the infringing use attributable to each Defendant was different.

Regardless of any purported similarities of the cases, they are unripe for discussion until and unless the default judgments in both cases are set aside and BOTH Defendants file motions to consolidate.

### D. The Issue of Judicial Economy Raised By Hakim In His Notice Is Unripe Because Both Cases Are Closed

Hakim argues that because the cases are pending on similar briefing schedules it would be in the interests of judicial economy to consolidate the two cases.[4]  Hakim ignores the basic fact that both cases are closed until and unless the respective courts determine otherwise.  It is possible that one, and not both courts will set aside a default judgment.  It is possible that one Defendant's culpability will be found to overwhelmingly support the default judgment remaining in place while the other Defendant will be permitted to defend his case.  These possibilities are, of course, speculation at this time because until the motions to set aside the default judgment are separately evaluated each on their own merits, both cases are closed and Defendant's Notice of Related Cases is baseless.

## II. CONCLUSION

Based upon the foregoing, Plaintiffs' respectfully request that Hakim's Notice of Related Cases be denied as moot and unripe.

Respectfully submitted: January 6, 2015.

**GREENBERG TRAURIG, LLP**

*/s/ Laraine Burrell*
Lauri S. Thompson (Bar No. 6846)
Laraine Burrell (Bar No. 8771)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Plaintiffs*

---

[4] Plaintiffs' counsel conducted legal research and analysis to find law supporting Defendant's position that closed cases could be consolidated but found nothing applicable.

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2015, I served the **PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 1015 THAT: DEFENDANT'S NOTICE IS MOOT AND UNRIPE** upon:

> Ben Hakim
> 11740 Wilshire Blvd., A2104
> Los Angeles, California  90025
> ben.hakim@gmail.com

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

☒ by mailing in a sealed, first class postage-prepaid envelope, addressed to the last-known office address of the Defendant, and deposited with the United States Postal Service in Las Vegas, Nevada.

☒ by registered electronic mail to the last known e-mail address of the Defendant.

*/s/ Cynthia L. Ney*
An employee of Greenberg Traurig, LLP

LV 420377590v3