1  BENJAMIN HAKIM
   IN PROPIA PERSONA
2  11740 Wilshire Boulevard A2104
   Los Angeles, California 90025
3  Ben.Hakim@Gmail.com

```
                                FILED        RECEIVED
                                ENTERED      SERVED ON
                                          COUNSEL/PARTIES OF RECORD

                                     JAN 1 3 2015

                                  CLERK US DISTRICT COURT
                                    DISTRICT OF NEVADA
                                BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# NEVADA DISTRICT
# LAS VEGAS

| | |
|---|---|
| HAKKASAN LV, LLC et al. | ) Case No.: **2:13-cv-1544-KJD-PAL** |
| Plaintiff, | ) REPLY TO PLAINTIFF'S OPPOSITION RE |
| vs. | ) SET ASIDE AND VACATE OF DEFAULT |
|  | ) AND DEFAULT JUDGMENT; |
| BEN HAKIM, et al. | ) DECLARATION OF BENJAMIN HAKIM IN |
|  | ) SUPPORT THEREOF |
| Defendants. | ) |

///
///
///
///
///
///
///
///

*i*                                                                MOTION

**POINTS AND AUTHORITIES**

## I. Introduction & Summary of Argument

Plaintiff's abhorrent failure to comply with Rule 4 is center stage of this briefing for the instant motion. Although not entirely clear as to what Plaintiff purports to claim in its opposition, Plaintiff labors under the delusion under some unintelligible format that because Defendant BENJAMIN HAKIM ("HAKIM") did not keep up-to-date records with internet domain registry it could not reasonably serve Defendant HAKIM. To the contrary HAKIM has lived at the same address for the past four years. Local California legislation provides for the orderly procedure of service of process in HAKIM's apartment building and Exhibit 2 to Plaintiff's complaint are accurate in that Plaintiff had no excuse not to personally or substitute serve the summons and complaint in Los Angeles, Calfiornia complaint with Rule 4.

Ignoring both key facts and applying incorrect legal standards, Plaintiffs in their responsive opposition to HAKIM's set aside motion argue that the court should not vacate its judgment in the amount of well over $118,000.00, of which, only $1000.00 purports to be actual hard damages. Plaintiff's request this windfall despite the curious relief it purports to enable. Such an extreme consequence is contrary to the plain language of Rule 60, as well as the law's preference for resolving matters on the merits, rather than awarding windfalls based on technicalities against defendants who are willing to litigate.

In an attempt to overcome the applied remedy of relief under Rule 60, Plaintiff's Opposition concedes that would not experience any prejudice from setting aside both the default and default judgment but only appears to challenge HAKIM'S conduct as culpable or needing a meritorious defense. Plaintiff's misplaced reliance on the standard of culpability to deny relief when setting aside default judgments per TCI Group Life Insurance v. Knoebber 244 F3d. 691 (9th Cir. 2001). Furthermore, Plaintiff's opposition misconstrues the standard for the movant's showing of a meritorious defense. The simple reason a defense is not raised at this point, (HAKIM maintains he does have a viable defense under the fair use doctrine, lack of personal jurisdiction, and failure to state a claim) is that the court's personal jurisdiction is in question with the proposed motion to quash since Plaintiff elected to vitiate from its Rule 4 obligations as

briefed further below. In sum, Plaintiff offers no tangible reason why the relief should not be granted. Rather it simply asks the Court to grant it a windfall in the amount of over $118,000.00 and permit them to bypass litigating their six claims upon which this amount purportedly rests.

## II. Applicable Standards

### A. Standard For Setting Aside Default and Default Judgment

A court may set aside an entry of default for good cause under Rule 55. Good cause analyses for determining whether to set aside a default involves consideration of whether the defendant has demonstrated a lack of culpability in the circumstances leading up to the default. Such as if the default occurred as a result of "mistake, inadvertence, surprise, or excusable neglect." The movant has a meritorious defense under the fair use doctrine, and when combined with the extent of prejudice of plaintiff the default should be set aside per TCI, supra.

The court may also vacate "a default judgment under Rule 60(b)" Rule 55(c). Upon motion from a party, "the court may relieve a party…from final judgment, order, or proceeding [enumerated] reasons," including that the default judgment is void under Rule 60(b)(4). There is no time limit for vacating a void judgment: it "may be set aside at any time. See SEC v. Internet Solutions et al. 509 F3d. 1161, 1165-1166 (9th Cir. 2007). Granting or denying a set aside motion rests in the sound discretion of the trial court. Its decision will be set aside on appeal upon showing an abuse of discretion. Direct Mail Specialists Inc. v. Eclat et al. 840 F2d 685, 690, (9th Cir. 1988). The discretion vested in the trial court is limited by three policy considerations: (1) Since Rule 60 is remedial it must be liberally applied per Gregorian v. Izvestia 871 F.2d 1515, 1523 (9th Cir. 1989); (2) default judgments are generally disfavored and "whenever it is reasonable possible, cases should be tried on the merits" Id; (3) where a defendant seeks timely relief from judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment. Id.

Notably, under Rule 60 "three factors derived from the 'good cause' standard that governs the lifting of entries of default under Fed. R. Civ. P. 55(c) govern the vacating of a default judgment under Rule 60(b) as well." TCI Group Life Ins. Plan , supra at  244 F.3d 691, 696 (9th Cir. Cal. 2001). A court may deny a motion to vacate a default judgment if: "(1) the plaintiff

REPLY TO OPPOSITION RE SUMMONS AND COMPLAINT

1  would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). "These factors are disjunctive, and the court may deny a motion to vacate entry of default if any of the three factors is true. Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc ., 375 F.3d 922, 926 (9th Cir. 2004), quoting American Ass'n of Naturopathic Physicians v. Hayhurst , 227 F.3d 1104, 1108 (9th Cir. 2000). Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974).

**B.     Legal Standard Re: Proper Service**

Defective service of process of a summons and complaint renders a judgment "void" for the purposes of Rule 60. Mason v. Genisco Tech. Corp 960 F2d 849, 851. (9th Cir. 1992); SEC v. Internet Solutions, supra. Under the Rules of Civil Procedure, a summons and Complaint must be served together upon a defendant in a particular manner within 120 after the complaint is filed or risk dismissal per Rule 4 (c)(1) and 4(m). Proper service of summons and complaint may be accomplished by either (1) delivering the documents to defendant personally, (2) "leaving a copy" of documents at the individual's dwelling or usual abode with someone of suitable age, also known as, substituted service, (3) delivering the documents to an authorized agent, or (4) following state rules of service. See Rule 4(e).  Nevada adopts Rule 4, and notably none of the aforementioned occurred here with Defendant HAKIM

**III.    Argument**

**A.     Defendant Was Never Properly Served – Judgment Is Void.**

Service never effectuated in compliance of Rules 4 and 5 which requires personal or other substituted service or a motion allowing alternative service that was not presented. Consequently, this court's jurisdiction over the Defendant is in question. "The Court may relieve a party … from a final judgment, order or proceeding if the judgment is "void". See Rule 60(b)(4). The default and default judgment against HAKIM is void (as opposed to voidable) because the initiating documents for this action were not properly served on him. See Mason v. Genisco Tech Corp., supra. ("A person will not be bound by a judgment in a litigation to which he or she has

1  not been made a party by service of process....Hence if respondent failed to serve Mason
2  properly with the complaint in an earlier action, the default judgment is void and has no res
3  judicata effect in this action" citing Yniquez v. Arizona 939 F.2d 727, 735 (9th Cir. 1991).
4      Oddly, should Plaintiff attempt to rely on the local California state standard that could or
5  would substitute for Rule 4 of either the Fed. Rules Civ. Pro. or Neveda's adoption thereof, this
6  too would be meritless. Plaintiff's various attorney declaration regarding service seem to all
7  hinge on the service via email as authorized for the TRO and preliminary injunction is unavailing.
8  These various declaration referenced in Defendant HAKIM's earlier moving papers evidence that
9  each of these declaration fail to identify the location at which the purported service took place and
10 does not establish compliance with Rule 4(e)(2)(B), requiring that a copy of the initiating
11 documents be left "at the individual's dwelling or usual place of abode" and "left with an
12 appropriate person of "suitable age and discretion who resides" in Defendant's home. Similarly,
13 under California's Code of Civ. Proc. Section 416.90, California's substituted service option
14 requires that documents be left "in the presence of a competent member of the household or a
15 person apparently in charge of the location. See Cal. Civ. Proc. Section 415.20(b). These
16 wholesale deficiencies are also sufficient to defeat proper service. See Rule 4 (e)(2)(B) and Cal.
17 Civ. Proc. Section 416.90. As such, under Cal. Civ. Proc. Section 415.20(6) service is not
18 complete until 10 days after copies are mailed as described therein. Thus, yet again, this
19 deficiency is also sufficient to defeat proper service under local California law where Defendant
20 resides and is a Citizen of California.
21     It is undisputed in this action that Plaintiff never personally served, nor served anyone
22 authorized by Defendant HAKIM to accept service on his behalf. Plaintiff at all times had an
23 accurate physical address to effectuate personal or substitute service detailed in Exhibit 2 of the
24 complaint. As such, Defendant HAKIM's motion must be granted and summons and complaint
25 must be quashed and dismissed as the judgment is void.
26     **B.     Good Cause Is Established & No Prejudice**
27     Plaintiffs have conceded by their failure to intelligibly explain any purported prejudice in
28 their opposition has established good cause to vacate the de default and default judgment, as

1  Plaintiffs do not indicate any cognizable prejudices from the case moving forward on the merits. Indeed, Plaintiffs could not contend otherwise per TCI, supra 244 F.3d at 701 (neither simple delay in resolution of a case merely requiring the Plaintiff to litigate on the merits rather than allowing windfall by default constitutes prejudice.)  Similarly, Plaintiff fails to show culpability sufficient to create extreme circumstances or to show that Defendants fail to present a facially ascertainable defense.  In turn, Plaintiff wails in its helplessness to justify its excuses in its abject failure to be Rule 4 compliant attempting to paper over its own deficiencies when Plaintiff had full and complete physical address to effectuate service.  Plaintiffs were the one who were intentionally fobbing off a bad service of process attempting to circumvent this court's instruction regarding service compliant with Rules 4 and 5.

Consequently what Plaintiffs fail to apprehend "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Group Life Ins. Plan, supra, 244 F.3d at 701. The asserted prejudice must outweigh the strong preference for resolving matters on the merits. Keegel v. Key West & Caribbean Trading Co. , 627 F.2d 372 (D.C. Cir. 1980).

### C. HAKIM's Conduct Is Not Culpable

As already established in the moving papers, Defendant HAKIM is not culpable under the generous standard for determining "culpability" as refined by TCI, supra, 244 F.3d 691. Plaintiff's opposition whines about a physical address and internet registries which are nothing but red herrings.  TCI, supra, cannot be ignored especially addressing Plaintiff's purported arguments that Defendant in culpable conduct justifies an $118,000.000 windfall without litigating its claims. In that landmark case, the 9th Circuit in TCI broadened the culpability test for motion to lift default judgment and expressly held that defendant's mere notice of the action and intentional failure to answer are not by themselves enough to find culpability on the part of the defendant. Id at 697.

After explaining, in great detail, the over-riding policy in favor of litigation on the merits that should inform decisions regarding lifting of default judgments, the 9th Circuit, instead, found that the appropriate question, in whether the defendant's failure to answer, even if defendant was

1  on notice and intentionally failed to answer – is excusable. Id. ("the question becomes whether
2  that neglect is excusable, a question answered as we have noted as Pioneer Investment, spells out,
3  by considering a bevy of equitable considerations"). The TCI court then went on to clarify that
4  "excusable" conduct is sufficiently found where "the defendants offers a credible, good faith
5  explanation negating any intention to take advantage of the opposing party, interfere with judicial
6  decision making, or otherwise manipulate legal process." Id at 698. "Exigent personal
7  circumstances including a defendant's "mental state and . . , lack of familiarity with legal
8  matters" are relevant to whether conduct is culpable. TCI Group Life Ins. supra, 244 F.3d 691,
9  697 (9th Cir.2001).

10  Here, defendant has explained exigent personal circumstances evidence Plaintiff abject
11  failure to actually serve him a hardcopy of the summons and complaint when Plaintiff had
12  Defendant's contact details, which lead to his failure to timely respond to the complaint.
13  Additionally, there is "no suggestion that [defendant] deliberately tried to manipulate the legal
14  system," Id.., in this case. Here, the salient fact that Defendant **never received** actual physical
15  paperwork in person, much less in the mail, when the contact details were readily available to the
16  Plaintiff for service of judgment debtor's examination, satisfies this threshold. Defendant has
17  lived at the same address for the past 4 years. See Hakim Declaration herein.

18  The moving papers evidence that Defendant was never served which the applicable
19  attorney declarations to this effect paper over the certificate or other proof of service that appear
20  in the docket relating to this matter lacking physical service to Defendant HAKIM. All the while,
21  Defendant has complied with every order of this court, including judgment debtors' examination,
22  and HAKIM's inability to adequately respond to this suit since not knowing is a reasonable
23  mistake. Just like in TCI, Defendant HAKIM retierates *"there is no suggestion that defendant*
24  *deliberately tried to manipulate the legal system. Defendant's diligence in seeking to set aside*
25  *the default judgment reveals no disrespect for the courts"* (emphasis added) TCI, supra 244 F.3d
26  at 699. HAKIM's conduct is therefore not "culpabale" as that term is defined by the 9th Circuit
27  sufficient to have his set aside motion granted. Instead, Plaintiff points to utter malarkey that
28  purportedly defines culpability outside of the TCI court definition.

### D. Defendant Has Presented At Least One "Assertible" Defense

HAKIM has established a facially meritorious defense under Rule 60 herein. See Supporting Declration herein. A defendant need demonstrate only one valid defense to support the vacating of a default. Dynalectron Corp. v. US 518 F.2d 594 (1975). Significantly, the movant is not required to prove a defense, but only assert one that "if true" (being the operative idea) would constitute a facially valid defense. United States v. Signed Personal Check No. 730 of Yubran S. Mesle 615 F.3d 1085, 1091 (9th Cir. 2010). The low evidentiary standard burden is reasonable considering the fact that the parties have not yet engaged discovery or time to craft complex substantive motions.

In fact, Plaintiffs' opposition ignores the fact the merits of the presented defense are not to be determined by the court when it decides the motion to set aside. Id. The burden on the party seeking to vacate default judgment, therefore is not extraordinarily heave See TCI 244 F.3d at 700 (explaining the moving party need only demonstrate facts or laws showing the trial court that "a sufficient defense is assertible). Courts will find that there is an assertible defense without making any finding as to the merit of the defense. See Carllson v. McBrien Slip Copy 2010 WL 4723683 at *2 (E.D. Cal. 2010) ("Without making any finding as to the merits of these defenses, the court concludes they meet the standard of meritorious defense defined by the ninth Circuit as sufficient to aside an entry of default")

The guiding principle for the Court in this regard is whether defendant sufficiently asserts facts which if true would constitute a meritorious defense such that "litigation below" would not be a wholly empty exercise. TCI, supra, 244 F.3d at 700. Here Defendants have more than met his burden and as examples set forth a sampling of his defenses.

First Defense: Fair Use Doctrine, the exhibits cited by the Plaintiffs no way show that HAKIM was attempting to profit or palm off services in the name of the Plaintiff, in fact in the purported website in questions clearly delineated "www.hakkasanhightclublasvegas.com [handwritten correction over "www.hakkasanlasvegas.net"] is no way affiliated or represents "Hakkasan LV" or its realated (sic) trademarks or parties. This website is strictly for informational and promotional purposes only." *See, e.g., Campbel, aka Skywalker, et al. v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994).

1    Second Defense: Lack of personal jurisdiction, as stated in the complaint,
2  Plaintiff's allege that Defendant is Citizen and Resident of L.A. County California.
3    Third Affirmative Defense: Failure To State a Cause of Action. All asserted claims
4  for relief lack essential elements even if accepted as well plead necessitating judgment on the
5  pleadings or other dispositive motion.
6    [Possible Fourth affirmative defense] invited error. Due to Plaintiff's shoddy
7  handling of the service of the summons and complaint, it invited error destructive to its claims for
8  relief.
9    As such, Defendant HAKIM has presented at least one facially assertible defense within
10 the four corners of the compliant such that litigating the case on the merits would not be a useless
11 exercise, despite HAKIM's posture and assertion that no defense be needed as the judgment is
12 void as opposed to voidable given that Defendant HAKIM was never served actual paperwork
13 when Plaintiff has his actual contact details and could have asserted service in such fashion.

14    **E.  The Law Favors Resolution on the Merits**
15    Finally. To the extent the Court has any doubts as to whether the Court should grant
16 Defendant's request, "doubt if any, should be resolved in favor of the motion to set aside. The
17 motion is timely, under Rule 60, and Plaintiff fails to intelligibly show any "extreme
18 circumstances" as to why the default judgment should stand. "Put another way, where there has
19 been no metis decision, appropriate exercise of district court discretion under Rule 60(b) requires
20 that the finality give way fairly readily, to further competing interest in reaching the merits of a
21 dipute." TCI, supra, 244 F.3d at 696

22 **IV.  Conclusion**
23    For the reasons set forth above, the court should grant Defendant's set aside motion as to
24 default and default judgment.                    Respectfully Submitted,
25                                                  /S/ BENJAMIN HAKIM
26 Dated: 13 January 2015              By:  _____
                                             BENJAMIN HAKIM
27                                           Defendant PRO SE
28

---

8                                   REPLY TO OPPOSITION RE SUMMONS AND COMPLAINT

1 **DECLARATION IN SUPPORT**

2 Benjamin Hakim Declares under oath and states:

3     1.    My name is Benjamin Hakim I am over 18 years old. I reside at 11740 Wilshire Boulevard A2104, Los Angeles, CA 90025 in the Brentwood district of the city. I am fully competent to make this declaration. The following facts are known to me based on my firsthand knowledge that if called upon to testify, I could and I would competently testify to those matters contained herein. I am the defendant in this action and I am a witness. I am a citizen of California and a resident of California. I do not conduct business in Nevada, never have I held myself in the stream of Nevada commerce. I have lived at m address for the past four years, all of my internet domain record registry records have maintained and utilized this address.

11     2.    I have never been served physical hardcopy documents of the summons and complaint nor have they been mailed to me. Plaintiff has my contact details as they were able to serve me a judgment debtor's examination order which I complied with my attendance and were listed in Exhibit 2 to their complaint before this court.

15     3.    The defenses I intend to raise are, including but not limited to, as follows:

First Defense: Fair Use Doctrine, the exhibits cited by the Plaintiffs no way show that I was attempting to profit or palm off services in the name of the Plaintiff, in fact in the purported website in questions clearly delineated "www.hakkasannightclublasvegas.com [handwritten correction over ~~www.hakkasanlasvegas.net~~] is no way affiliated or represents "Hakkasan LV" or its realated (sic) trademarks or parties. This website is strictly for informational and promotional purposes only." *See, e.g., Campbel, aka Skywalker, et al. v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994).

Second Defense: Lack of personal jurisdiction, as stated in the complaint, Plaintiff's allege that Defendant is Citizen and Resident of L.A. County California.

Third Affirmative Defense: Failure To State a Cause of Action. All asserted claims for relief lack essential elements even if accepted as well plead necessitating judgment on the pleadings or other dispositive motion.

27 ///

28 ///

1       [Possible Fourth affirmative defense] invited error. Due to Plaintiff's shoddy handling of the service of the summons and complaint, it invited error destructive to its claims for relief.

    5.   I declare under penalty of perjury the foregoing is true and correct under the laws of the United States.

Respectfully Submitted,

                                                  /S/ BENJAMIN HAKIM

Dated: 13 January 2015           By:   _____
                                                       BENJAMIN HAKIM
                                                       Defendant In Propia Persona