1

BENJAMIN HAKIM
IN PROPIA PERSONA

2

11740 Wilshire Boulevard A2104
Los Angeles, California 90025

3

Ben.Hakim@Gmail.com
Tel +1.805.570.1717

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

12

NEVADA DISTRICT

LAS VEGAS

13

14

HAKKASAN LV, LLC et al.                    ) Case No.: **2:13-cv-1544-KJD-PAL**
                                           )
15

        Plaintiff,                         ) **REPLY TO PLAINTIFF'S OPPOSITION RE**
    vs.                                    ) **QUASH AND DISMISSAL OF SUMMONS**
16                                         ) **AND COMPLAINT**
                                           )
BEN HAKIM, et al.                          )
17                                         )
        Defendants.                        )
18                                         )
                                           )
19                                         )
                                           )
20                                         )
                                           )
21                                         )

22

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

# POINTS AND AUTHORITIES

## I.     Introduction & Summary of Argument

Plaintiff's abjectly failed to serve Defendant HAKIM compliant with Rule 4. Plaintiff ducks the issues feebly by initiating an unsubstantiated and woefully inappropriate opposition attempting to paper over its own deficiencies.    Short on intelligible text and long in delusion Petitioner's scant legal posturing of factual minutia fails to rebut that Defendant was never actually served or substituted served under any legally cognizable standard be they local California law, Federal Law, or Nevada Law that adopts Federal Law.

Plaintiff could have asked for leave to extend the 120 day service requirement of the summons and complaint and deliberately chose not to do so.   Lacking in authority, Plaintiff resorts to hyperbole and inaccurate facts to obscure evidence belying its own service declarations of the attorneys of record.   Instead Plaintiff tries to squeeze behind purported culpable conduct that does not rise to the applicable standards under current case law. Instead, recognizing its peril, Plaintiff makes a keening wail larded with misrepresentation of facts and then tries to cry foul. Although not entirely clear as to what Plaintiff purports to claim in its opposition, Plaintiff labors under the delusion under some unintelligible format Defendant HAKIM could not be located or when in fact all of HAKIM's registry and current contact details have been up to date, and thus Plaintiff has no excuse for not effectuating service completely under applicable law. See Exhibit 2 to complaint. Plaintiff had at its disposal complete contact details to serve the summons and complaint, Plaintiff elected not to do so.

## II.    Applicable Standards

### A.    Legal Standard Re: Proper Service of Summons and Complaint

Defective service of process of a summons and complaint renders a judgment "void" for the purposes of Rule 60.  Mason v. Genisco Tech. Corp 960 F2d 849, 851. (9th Cir. 1992); SEC v. Internet Solutions, supra. Under the Rules of Civil Procedure, a summons and Complaint must be served together upon a defendant in a particular manner within 120 after the complaint is filed or risk dismissal per Rule 4 (c)(1) and 4(m).  Proper service of summons and complaint may be accomplished by either (1) delivering the documents to defendant personally, (2) "leaving a

1    copy" of documents at the individual's dwelling or usual abode with someone of suitable age,

2    also known as, substituted service, (3) delivering the documents to an authorized agent, or (4)

3    following state rules of service.  See Rule 4(e).   Nevada adopts Rule 4, and notably none of the

4    aforementioned occurred here with Defendant HAKIM

5    **III.    Argument**

6         **A.    Defendant Was Never Properly Served – Judgment Is Void.**

7         Service never effectuated in compliance of Rules 4 and 5 which requires personal or other

8    substituted service or a motion allowing alternative service that was not presented.  Consequently,

9    this court's jurisdiction over the Defendant is in question.  "The Court may relieve a party ...

10   from a final judgment, order or proceeding if the judgment is "void".  See Rule 60(b)(4).  The

11   default and default judgment against HAKIM is void (as opposed to voidable) because the

12   initiating documents for this action were not properly served on him.  See Mason v. Genisco Tech

13   Corp., supra. ("A person will not be bound by a judgment in a litigation to which he or she has

14   not been made a party by service of process....Hence if respondent failed to serve Mason

15   properly with the complaint in an earlier action, the default judgment is void and has no res

16   judicata effect in this action" citing Yniquez v. Arizona 939 F.2d 727, 735 (9th Cir. 1991).

17        Oddly, should Plaintiff attempt to rely on the local California state standard that could or

18   would substitute for Rule 4 of either the Fed. Rules Civ. Pro. or Neveda's adoption thereof, this

19   too would be meritless.  Plaintiff's various attorney declarations regarding service seem to all

20   hinge on the service via email as authorized for the TRO and preliminary injunction is unavailing.

21        These various declaration referenced in Defendant HAKIM's earlier moving papers

22   evidence that each of these declaration fail to identify the location at which the purported service

23   took place and does not establish compliance with Rule 4(e)(2)(B), requiring that a copy of the

24   initiating documents be left "at the individual's dwelling or usual place of abode" and "left with

25   an appropriate person of "suitable age and discretion who resides" in Defendant's home.

26   Similarly, under California's Code of Civ. Proc. Section 416.90, California's substituted service

27   option requires that documents be left "in the presence of a competent member of the household

28   or a person apparently in charge of the location. See Cal. Civ. Proc. Section 415.20(b).  These

REPLY TO OPPOSITION RE SUMMONS AND
COMPLAINT

1   wholesale deficiencies are also sufficient to defeat proper service.  See Rule 4 (e)(2)(B) and Cal.

2   Civ. Proc. Section 416.90.  As such, under Cal. Civ. Proc. Section 415.20(6) service is not

3   complete until 10 days after copies are mailed as described therein.  Thus, yet again, this

4   deficiency is also sufficient to defeat proper service under local California law where Defendant

5   resides and is a Citizen of California.

6      It is undisputed in this action that Plaintiff never personally served, nor served anyone

7   authorized by Defendant HAKIM to accept service on his behalf.  Plaintiff could have used the

8   substitute service method or other skip trace method available to the Plaintiff, see order

9   compelling judgment debtor's examination certificate of service noting a physical address to

10  effectuate substitute service readily available to the Plaintiff used for judgment debtor's

11  examination. As such, Defendant's motion must be granted and summons and complaint must be

12  quashed as the judgment is void.

13    **B.     Since Judgment Is Void It Must Be Quashed and Dismissed**

14     The moving papers evidence that Defendant was never served which the applicable

15  declarations to this effect paper over the certificate or other proof of service that appear in the

16  docket relating to this matter lacking physical service to Defendant HAKIM with an accurate

17  physical adress.  All the while, Defendant has complied with every order of this court, including

18  judgment debtors' examination. Plaintiff had no issues mailing and serving the judgment debtor's

19  examination, and were the ones attempting to fob off a shoddy legal process service… "there is

20  no suggestion that defendant deliberately tried to manipulate the legal system.  Defendant's

21  diligence in seeking to set aside the default judgment reveals no disrespect for the courts" TCI,

22  supra 244 F.3d at 699.  Service of process must comply with the requirements of Federal Rule of

23  Civil Procedure 4. As explained below, the Summons in this case fails to comply with Rule 4 and

24  is invalid even as ordered by the TRO and Preliminary injunction that did not alleviate the

25  obligations regarding process of service promulgated under Rules 4 and 5.  Accordingly, for these

26  reasons and those contained below, the Court should quash service of process and dismiss the

27  action accordingly.

28  ///

REPLY TO OPPOSITION RE SUMMONS AND
COMPLAINT

1          **1.   The Summons Is Facially Invalid With No Certificate of Service**

2          Federal Rule of Civil Procedure 4(a) requires that a summons "be directed to the

3   defendant." In the present case, it was directed to Defendant's email See (Docket Entries #9, #16

4   and #16-1). As such, Plaintiff's Summons is defective on its face and pursuant to Federal Rule of

5   Civil Procedure 12(b)(4) should be quashed.

6          **2.   The Attempted Service By Email Was Infective**

7          Federal Rule of Civil Procedure 4(h) provides the various methods of acceptable service

8   of process on a corporation. Pursuant to Rule 4(k)(1)(A) who is subject to the jurisdiction of a

9   court of general jurisdiction in the state where the district court is located. Here, as the service on

10  SOLELY by electronic mail was inappropriate therefore, granting a motion to quash service

11  pursuant to Federal Rule of Civil Procedure 12(b)(5) is therefore appropriate. As explained above,

12  the Summons in this case is directed is therefore, invalid. Plaintiff was never actually served

13  despite up to date contact details. Accordingly, pursuant to Federal Rules of Civil Procedure

14  12(b)(4) and 12(b)(5), Plaintiff's attempted service of a facially invalid Summons should be

15  quashed. See Docket Entries # 8, 9, 10, 16, 16-1

16         **C.   The Complaint Against HAKIM Should Be Dismissed**

17         Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the summons and

18  complaint within 120 days of the date the complaint was filed. Rule 4(m) provides in relevant

19  part: "If service of the summons and complaint is not made upon a defendant within 120 days

20  after the filing of the complaint, the court, upon motion or on its own initiative after notice to the

21  plaintiff, shall dismiss the action without prejudice ..."Id. Plaintiff had 120 days in which to serve

22  the Complaint under Rules 4 and 5 pursuant the TRO (see Docket #9) that Attorney Ayala failed

23  to demonstrate or the very least adduce (See Docket #16, 16-1) Accordingly, the time-period for

24  service under Rule 4(m) expired on December 01, 2014. Opposing counsel failed to attempt to

25  serve the Complaint only by email (See Ayala Decl Docket Entry #16, 16-1).

26         Clearly, Plaintiff has not complied with the service requirements of Rule 4(m) and

27  Plaintiff's Complaint should be dismissed.

28  ///

---

REPLY TO OPPOSITION RE SUMMONS AND
COMPLAINT

1    For the reasons set forth above, the court should grant Defendant's quash and dismiss the

2    summons and complaint against Defendant.

3

4    Respectfully Submitted,

5

6                                                    /S/ BENJAMIN HAKIM

7    Dated: 13 January 2015              By:

8                                                    BENJAMIN HAKIM
                                                     Defendant PRO SE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO OPPOSITION RE SUMMONS AND
COMPLAINT