# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

HAKKASAN  LV, LLC  *et al.,*

    Plaintiffs,

v.

BEN HAKIM, an individual,

    Defendant.

Case No. 2:13-cv-01544-KJD-PAL

**ORDER**

Presently before the Court is Defendant Ben Hakim's (Defendant) Motion for Relief and to Set Aside Clerk's Entry of Default and Default Judgment (#27).  Plaintiffs Hakkasan LV, LLC *et al.*, (Plaintiffs) filed a response in opposition (#38) to which Defendant replied (#40). Also before the Court is Defendant's Motion to Quash Summons Issued and Complaint (#28) and Motion to Dismiss Action (#29). Plaintiffs filed a response in opposition (#37) to which Defendant replied (#41).

I.  Background and Procedural History

On August 27, 2013 Plaintiffs filed a complaint against Defendant alleging cybersquatting, trademark infringement, counterfeiting, and unfair competition under federal statutes, associated with Defendant's creation of the website <www.hakkasannightclub.com> and illegal use of Hakkasan trademarked insignia. On August 30, 2013, the Court granted Plaintiffs a temporary restraining order (#9) in which it stated, "Plaintiffs may, in addition to the requirements set forth in Rules 4 and 5 of

1  the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to

2  date on Defendant by electronic mail transmission." Plaintiffs interpreted this statement to mean

3  electronic service alone was sufficient to meet the requirements of service. On September 13, 2013,

4  Plaintiffs filed Notice of Service by Email (#10).

5       The Court entered a Permanent Injunction and Default Judgment on July 10, 2014 (#22).

6  Defendant claims no notice of the lawsuit whatsoever until he was served with an Order to Examine

7  Judgment Debtor (#25) on November 10, 2014. Defendant filed the present motions on December

8  16, 2014.

9  <u>II.  Motion to Set Aside Default Judgment</u>

10       <u>A. Legal Standard</u>

11       The Court may set aside entry of default for good cause, and it may set aside a default

12  judgment under Rule 60(b). <u>See</u> Fed. R. Ci. P. 55(c). The Court considers three factors in analyzing

13  good cause: (1) whether Defendant engaged in culpable conduct leading to the default; (2) whether

14  Defendant has a meritorious defense; and (3) whether vacating the entry of default would prejudice

15  Plaintiff. <u>See</u> <u>Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.</u>, 375 F.3d 922, 926

16  (9th Cir. 2004). The law favors deciding a case on its merits. <u>See</u> <u>id.</u> at 925. Thus, a default judgment

17  is appropriate only in extreme circumstances. <u>See</u> <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d

18  691, 696 (9th Cir. 2001). For the reasons stated *infra*, the Court finds that Defendant has shown good

19  cause to vacate the entry of default.

20       <u>B. Culpable Conduct</u>

21       When examining culpable conduct, the court concurrently examines any excusable neglect of

22  the defaulting party. <u>See</u> <u>Franchise Holding II, LLC</u>, 375 F.3d at 925. Defendant's conduct is

23  culpable if he "received actual or constructive notice of the filing of the action and failed to answer"

24  or otherwise defend. <u>Direct Mall Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685,

25  690 (9th Cir. 1988). Defendant's failure to answer, however, may be excused depending on the

26  reason for the delay if Defendant acted in good faith. <u>See</u> <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244

F.3d 691, 696 (9th Cir. 2001). Further, conduct is culpable only where the explanation of the default is consistent with a devious, deliberate, willful, or bad faith failure to respond. See Employee Painter's Trust v. Ethan Enters., 480 F.3d 993, 1000 (9th Cir. 2007).

Here, Plaintiffs argue service was thwarted by Defendant's malfeasance. Plaintiffs allege Defendant was lying, having others lie for him, and intentionally trying to stop receipt of service by failing to provide a complete address. However, Defendant states he was not intentionally evading service, but rather was unaware of any service attempts at all. In his Declaration in Support of Ex Parte Application (#30), Defendant stated, "The first time I heard of this action was upon being served an Order for Judgment Debtor's Examination on December 18, 2014." Additionally, the email receipt of electronic service provided by Plaintiffs shows only that Defendant's email account received the email of service, but that the email was not opened. This fact presents a defense to actual or constructive notice. While Defendant's actions may appear questionable, Rule 55(c) entitles him to the presumption that he acted in good faith to allow the case to be decided on its merits.

Further, Plaintiffs did not take all reasonable measures to effect service. Plaintiffs allege numerous attempts, but only offer proof of one failed attempt to serve Defendant on September 15, 2013. Additionally, Plaintiffs did not exploit all alternative methods of service, such as mailing service to Defendant's dwelling, or serving Defendant by publication. See Fed. R. Civ. P. 5(b)(2)(C). While the Court does have some reservation about Defendant's conduct, Defendant provides a good faith alternative to contributing culpability which is inconsistent with a devious, deliberate, willful, or bad faith failure to respond. Accordingly, this factor weighs in favor of setting aside the default.

C. Meritorious Defense

To succeed on a motion to set aside a default judgment, Defendant must set forth specific facts that constitute a defense. See Franchise Holding, 375 F.3d at 926. Mere general denial without factual support is not sufficient. See id. Defendant presents two defenses: improper service and lack of personal jurisdiction.

1       <u>1. Service</u>

2       A court may not exercise power over a party without service of process or waiver of service

3  by the defendant.  <u>See</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999).

4  Further, an individual or entity is not obliged to engage in litigation unless notified of the action, and

5  brought under a court's authority, by formal process.  <u>See</u> <u>id.</u> at 347.

6       Federal  Rule of Civil Procedure (Rule) 4(e)(2) requires delivering a copy of the summons

7  and of the complaint to the individual personally, leaving a copy at the individual's dwelling with a

8  person of suitable age, or delivering a copy to an agent authorized to receive service of process.

9  Service may be effected and completed by mailing to the person's last known address, but Rule 5

10  distinguishes between a hard copy mailing and electronic delivery. <u>See</u> Fed. R. Civ. P. 5(b)(2).

11  Electronic means alone without personal service is only sufficient if the recipient has consented in

12  writing to such service. <u>See</u> Fed. R. Civ. P. 5(b)(2)(E). Defendant alleges he was never personally

13  served the summons and a copy of the complaint in accordance with Rules 4 and 5.

14       Plaintiffs' argument that electronic service alone is sufficient rests on the improper

15  assumption that the Court authorized electronic service as the sole means required to effect proper

16  service. The Court's statement that "Plaintiffs may, in addition to the requirements set forth in Rules

17  4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings

18  filed to date on Defendant by electronic mail transmission," only authorized electronic service *in*

19  *addition to* compliance with Rules 4 and 5.

20       Additionally, Plaintiffs rely on an out of context policy statement from <u>Henderson v. U.S.</u>:

21  that the purpose of service is to supply notice and provide a fair opportunity for a response.

22  <u>Henderson v. U.S.</u>, 517 U.S. 654, 672. Plaintiffs misinterpret <u>Henderson's</u> holding by taking this

23  single line to mean that electronic service alone has replaced the standard of Rules 4 and 5 as long as

24  it provides notice and an opportunity for response– a serious misconstruction.  Further, Henderson

25  dealt with conflicting standards of service between the Rules and the Suits in Admiralty Act, in

26

1   which the Court held the Rules to be supreme over any conflicting standard. <u>Henderson</u>, 517 U.S. at

2   656.

3         Plaintiffs also improperly rely on <u>Rio Properties, Inc. v. Rio International Interlink</u> to show

4   that electronic service alone has replaced the standards of Rule 4 and 5. <u>See</u> <u>Rio Props. v. Rio Int'l</u>

5   <u>Interlink</u>, 284 F.3d 1007, 1014 (9th Cir. 2002). <u>Rio</u> is distinct, as it dealt with service to a foreign

6   entity who could not be served by conventional means, and was only electronically served after the

7   court sanctioned such alternative methods. <u>See</u> <u>id.</u> at 1013. Here, the Court was clear that electronic

8   service was only appropriate in addition to compliance with Rules 4 and 5, and had not found

9   grounds justifying a modified alternative, as it did in <u>Rio</u>.

10         Plaintiffs' awareness of their false assumption that electronic service was sufficient is

11   supported by their efforts to still effect personal service after electronic service was complete. Had

12   Plaintiffs believed electronic service to be sufficient, there would have been no reason to continue to

13   attempt personal service. Ultimately, Defendant has set forth sufficient facts that, by the lenient

14   standard of Rule 55(c), call validity of service into question. Accordingly, improper service is a

15   meritorious defense.

16                  <u>2. Personal Jurisdiction</u>

17         Pursuant to Rule 60(b)(4), a court must set aside a final judgment as void if the court lacked

18   jurisdiction over the parties.  <u>See</u> <u>Sec. and Exch. Comm'n  v. Internet Solutions for Bus., Inc.</u>, 509

19   F.3d 1161, 1165 (9th Cir. 2007) (citing <u>U.S. v. Berke</u>, 170 F.3d 882, 883 (9th Cir. 1999)).

20   Defendant's assertion that he lacks the minimum contacts with Nevada to support the exercise of

21   personal jurisdiction is most assuredly not correct.  <u>See</u>, <u>e.g.</u>, <u>Brayton Purcell LLP v. Recordon &</u>

22   <u>Recordon</u>, 606 F.3d 1124, 1128-31 (9th Cir. 2010).

23         Defendant claims to never have transacted business in Nevada nor held himself out in

24   Nevada's stream of commerce, but alleged facts to support these assertions are underwhelming.

25   Stock statements simply that Defendant is a citizen of California, a resident of Los Angeles County

26

and does not conduct business within or with the state of Nevada are too general to constitute a defense.

In contrast, Plaintiffs presented overwhelming evidence of personal jurisdiction. Specifically of note, Plaintiffs highlighted that Defendant registered a domain name that incorporates the brand of a Las Vegas Company, and Defendant used the geographic location Las Vegas in the domain name. All materials on Defendant's website were meant to misrepresent an affiliation with the Las Vegas nightclub, and as such, constituted the "something more" required to show Defendant directed his internet activity toward Nevada. See Panvision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1996) (citing Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997)). Accordingly, lack of personal jurisdiction is not a meritorious defense.

<u>3. Additional Defenses</u>

Defendant alleges three additional defenses in his reply to Plaintiffs' opposition: (1) application of the Fair Use Doctrine, (2) failure to state a cause of action, and (3) that Plaintiffs invited error.[1] All three of these claimed defenses are without merit.

Plaintiffs offer direct proof that Defendant was attempting to profit from his appropriation of the Hakkasan name by knowingly and willfully selling counterfeit services, directing customers seeking out Hakkasan services to Hakkasan's competitors, and holding Hakkasan responsible to customer grievances. Additionally, Plaintiffs stated multiple cognizable causes of action in their complaint, including cybersquatting, trademark infringement, counterfeiting, and unfair competition under federal statutes. Further, Defendant's claim that "Plaintiffs' shoddy handling of the service of the summons and complaint" invited error entirely lacks factual support.

//

//

---

[1] The fact that Defendant raised these defenses for the first time in his Reply to Plaintiffs' Opposition (#40) is enough justification to refuse to consider them. See White v. City of Sparks, 341 F.Supp.2d 1129, 1134 (D.Nev. 2004) aff'd, 500 F.3d (9th Cir. 2007).

1    While the majority of Defendant's alleged defenses are hollow, Defendant has presented at

2    least one meritorious defense of improper service. Accordingly, this factor weighs in favor of setting

3    aside the default.

4    D. Prejudice

5    The Rules favor the resolution of cases on their merits when possible. See TCI Group, 244

6    F.3d at 695-96. Here, Plaintiffs have made no showing that setting aside the entry of default will

7    prejudice them. Plaintiffs having to litigate the case on the merits rather than benefitting from entry

8    of a default judgment is not prejudice adequate to deny Defendant's motion. Accordingly, this factor

9    weighs in favor of setting aside the default.

10   III. Motion to Quash Service

11   Rule 4 requires a plaintiff to serve summons with a copy of the complaint.  See Fed. R. Civ.

12   P. 4(c)(1). The summons and copy of the complaint must be delivered to the defendant personally,

13   left at the defendant's dwelling with a person of suitable age, or delivered to an agent authorized to

14   accept service on the defendant's behalf. See Fed. R. Civ. P. 4(e)(2). Service of the summons and

15   complaint must be made within 120 days of the filing of the complaint. See Fed. R. Civ. P. 4(m).

16   Plaintiffs have not effected proper service in accordance with Rules 4 and 5. Plaintiffs argue

17   the Court authorized electronic service alone to be sufficient service, but the Court only authorized

18   electronic service *in addition to* compliance with Rules 4 and 5. The 120 day filing period has lapsed,

19   as Plaintiffs filed their complaint August 27, 2013. Accordingly, as Plaintiffs did not meet personal

20   service requirements within the 120 day filing period, Defendant's motion to quash service is

21   granted.

22   IV. Motion to Dismiss Action

23   A motion to dismiss may be granted if there has been insufficient service of process. See Fed.

24   R. Ci. P. 12(b)(5).  However,  Rule 4(m) provides two avenues for relief where circumstances may

25   allow for a time extension.  See Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009).  The

26   first is mandatory: the district court must extend time for service upon a showing of good cause.  In

7

re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. See Lemoge, 587 F.3d at 1198 n.3 (citing Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)).  In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Boudette, 923 F.2d at 756. The second is discretionary: if good cause is not established, the district court may extend time for service or dismiss without prejudice. See id. at 512, 514.

Plaintiffs have shown good cause based on excusable neglect, as there was a reasonable lack of clarity as to what action the Court required to effect proper service. Although Plaintiffs misinterpreted the Court's instruction on service, the Court did not sua sponte address Plaintiffs' attempted service at the time Plaintiffs filed their Notice of  Service by Email (#10), or in granting their Motion for Default Judgment (#22).

Additionally, Defendant having to litigate the case on the merits rather than benefitting from dismissal is not prejudice adequate to grant Defendant's motion. Accordingly, the Motion to Dismiss Action under Rule 12(b)(5) for insufficient service of process is denied. The Court grants Plaintiffs a 120 day extension to effect service in compliance with Rules 4 and 5.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Entry of Default and Default Judgment (#27) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's Motion to Quash Summons Issued and Complaint(#28) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Action (#29) is **DENIED**;

Plaintiffs shall have 120 days from the entry of this order to serve the summons and complaint, in compliance with Federal Rules of Civil Procedure 4 and 5.

1    IT IS FURTHER ORDERED that the Clerk of the Court **VACATE** the Permanent

2 Injunction and Default Judgment (#22).

3    DATED this 9th day of June 2015.

4

5    _____

6    Kent J. Dawson
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26